IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DAVID LION
60-80 67th Avenue
Ridgewood, New York 11385

**JUDGE ROBINSON**

CIVIL ACTION 07-CV-3129

VCU HEALTH SYSTEM, MCU HOSPITALS & PHYSICIANS
Doing Business As VCU MEDICAL CENTER
1250 E. Marshall Street
Richmond, VA 23219

and

**JURY TRIAL DEMANDED**

JOHN M. KELLUM M.D
1250 E. Marshall Street
Richmond, VA 23219

AARON SCOTT M.D.
1250 E. Marshall Street
Richmond, VA 23219

MARK WILLIS M.D.
1250 E. Marshall Street
Richmond, VA 23219

NORMAN BORDMAN M.D.
1250 E. Marshall Street
Richmond, VA 23219

ELIOTT GANYON M.D.
1250 E. Marshall Street
Richmond, VA 23219

ANDREA POZEZ M..D.
1250 E. Marshall Street
Richmond, VA 23219

JOHN C. HOGAN M.D.
1250 E. Marshall Street
Richmond, VA 23219

MICHAEL ABOUTANOS M.D.
1250 E. Marshall Street
Richmond, VA 23219

## COMPLAINT

## PRELIMINARY STATEMENT

1. Plaintiff, David Lion is a citizen and resident of the State of New York at the above stated address.

2. Defendant, VCU HEALTH SYSTEM MCU HOSPITALS AND PHYSICIANS ( herein after referred to as "VCU"), is a duly organized health care facility under the law of the State of Virginia, doing business as VCU Medical Center, providing hospital facilities and care and doing business at the above stated address.

3. Defendant, John M. Kellum, M.D. referred to as "Kellum, M.D." is a citizen in the State of Virginia and a licensed physician maintaining an office at the above stated address.

4. Defendant, Aaron Scott, M.D. referred to as "Scott, M.D." is a citizen in the State of Virginia and a licensed physician maintaining an office at the above stated address.

5. Defendant, Mark Willis, M.D. referred to as "Willis, M.D." is a citizen in the State of Virginia and a licensed physician maintaining an office at the above stated address.

6. Defendant, Norman Bordman, M.D. referred to as "Bordman, M.D." is a citizen in the State of Virginia and a licensed physician maintaining an office at the above stated

address.

7. Defendant, Eliott Ganyon, M.D. referred to as "Ganyon, M.D." is a citizen in the State of Virginia and a licensed physician maintaining an office at the above stated address.

8. This Court has jurisdiction pursuant to 28 U.S.C. 1332 (a) because the amount in controversy, exclusive of interest and costs, exceeds the sum of Seventy-Five Thousand ($75,000.00) Dollars and there is a diversity citizenship between the plaintiff and each defendant.

9. Venue in this Court is proper under 28 U.S.C. 1391 (a) because the plaintiff resides in this district.

10. An affidavit of merit, is annexed hereto as exhibit "A".

## FIRST COUNT

11. At all times material herein, defendants, "VCU" acted through its agents, servants and/or employees, including, but not limited to the defendants, "Kellum ,M.D.", "Scott M.D"., "Willis M.D"., "Bordman M.D., "Ganyon M.D.", "Pozez M.D"., "Hogan M.D.", "Aboutanos M.D.".

12. On or about May 1, 2005 plaintiff, David Lion came under the professional care of defendants, "VCU", and "Kellum M.D.", "Scott M.D.", "Willis M.D.", "Bordman M.D.", " Ganyon M.D.", "Pozez M.D.", "Hogan M.D.", "Aboutanos M.D.". for medical and surgical care, attention and treatment.

13. Defendants "Kellum ,M.D.", "Scott M.D.", "Willis M.D.", "Bordman M.D.", "Ganyon M.D.", "Pozez M.D.", "Hogan M.D.", "Aboutanos M.D."," owed plaintiff David Lion, the duty to possess and exercise that degree of professional skill and knowledge required of practitioners within the health care profession.

14. Defendants, "Kellum ,M.D.", "Scott M.D"., "Willis M.D.", " Bordman M.D.", " Ganyon M.D.", "Pozez M.D.", "Hogan M.D.", " Aboutanos M.D."." breached the aforesaid duty of care by committing acts of negligence, including but not limited to those set forth in the following paragraphs.

15. Defendant, "Kellum, M.D." committed, inter alia, the following acts of medical negligence:

    A. Failed to provide reasonable and proper medical and surgical care under the circumstances;

    B. Failed to make use of available and necessary hospital facilities, laboratory and diagnostic studies at all times pertinent thereto;

    C. Failed to take proper cognizance of plaintiff, David Lion's, physical signs, symptoms and medical history at all times pertinent thereto;

    D. Failed to attend to plaintiff, David Lion, with requiste regularity at al times pertinent thereto;

    E. Failed to adequately monitor the plaintiff, David Lion;

    F. Failed to properly interpret the X-rays of David Lion;

    G. Failed to timely diagnose infectious process at all times pertinent to

               plaintiff, David Lion's medical care and treatment;

      H.     Abandoning plaintiff, David Lion, at all times pertinent to his medical surgical care, attention and treatment.

16.    Defendant, "Scott, M.D." committed, inter alia, the following acts of medical negligence:

      A.     Failed to provide reasonable and proper medical and surgical care under the circumstances;

      B.     Failed to make use of available and necessary hospital facilities, laboratory and diagnostic studies at all times pertinent thereto;

      C.     Failed to take proper cognizance of plaintiff, David Lion's, physical signs, symptoms and medical history at all times pertinent thereto;

      D.     Failed to attend to plaintiff, David Lion, with requiste regularity at al times pertinent thereto;

      E.     Failed to adequately monitor the plaintiff, David Lion;

      F.     Failed to properly interpret the X-rays of David Lion;

      G.     Failed to timely diagnose infectious process at all times pertinent to plaintiff, David Lion's medical care and treatment;

      H.     Abandoning plaintiff, David Lion, at all times pertinent to his medical surgical care, attention and treatment.

17.    Defendant, "Willis, M.D." committed, inter alia, the following acts of medical negligence:

      A.     Failed to provide reasonable and proper medical and surgical care under the circumstances;

      B.     Failed to make use of available and necessary hospital facilities, laboratory

        and diagnostic studies at all times pertinent thereto;

    C.    Failed to take proper cognizance of plaintiff, David Lion's, physical signs, symptoms and medical history at all times pertinent thereto;

    D.    Failed to attend to plaintiff, David Lion, with requisite regularity at al times pertinent thereto;

    E.    Failed to adequately monitor the plaintiff, David Lion;

    F.    Failed to properly interpret the X-rays of David Lion;

    G.    Failed to timely diagnose infectious process at all times pertinent to plaintiff, David Lion's medical care and treatment;

    H.    Abandoning plaintiff, David Lion, at all times pertinent to his medical surgical care, attention and treatment.

18.    Defendant, "Bordman, M.D." committed, inter alia, the following acts of medical negligence:

    A.    Failed to provide reasonable and proper medical and surgical care under the circumstances;

    B.    Failed to make use of available and necessary hospital facilities, laboratory and diagnostic studies at all times pertinent thereto;

    C.    Failed to take proper cognizance of plaintiff, David Lion's, physical signs, symptoms and medical history at all times pertinent thereto;

    D.    Failed to attend to plaintiff, David Lion, with requiste regularity at al times pertinent thereto;

    E.    Failed to adequately monitor the plaintiff, David Lion;

    F.    Failed to properly interpret the X-rays of David Lion;

      G.    Failed to timely diagnose infectious process at all times pertinent to plaintiff, David Lion's medical care and treatment;

      H.    Abandoning plaintiff, David Lion, at all times pertinent to his medical surgical care, attention and treatment.

19.    Defendant, "Ganyon, M.D." committed, inter alia, the following acts of medical negligence:

      A.    Failed to provide reasonable and proper medical and surgical care under the circumstances;

      B.    Failed to make use of available and necessary hospital facilities, laboratory and diagnostic studies at all times pertinent thereto;

      C.    Failed to take proper cognizance of plaintiff, David Lion's, physical signs, symptoms and medical history at all times pertinent thereto;

      D.    Failed to attend to plaintiff, David Lion, with requiste regularity at al times pertinent thereto;

      E.    Failed to adequately monitor the plaintiff, David Lion;

      F.    Failed to properly interpret the X-rays of David Lion;

      G.    Failed to timely diagnose infectious process at all times pertinent to plaintiff, David Lion's medical care and treatment;

      H.    Abandoning plaintiff, David Lion, at all times pertinent to his medical surgical care, attention and treatment.

circumstances;

20.    Defendant, "Andrea Pozez, M.D." committed, inter alia, the following acts of medical

negligence:

    A.    Failed to provide reasonable and proper medical and surgical care under the circumstances;

    B.    Failed to make use of available and necessary hospital facilities, laboratory and diagnostic studies at all times pertinent thereto;

    C.    Failed to take proper cognizance of plaintiff, David Lion's, physical signs, symptoms and medical history at all times pertinent thereto;

    D.    Failed to attend to plaintiff, David Lion, with requiste regularity at al times pertinent thereto;

    E.    Failed to adequately monitor the plaintiff, David Lion;

    F.    Failed to properly interpret the X-rays of David Lion;

    G.    Failed to timely diagnose infectious process at all times pertinent to plaintiff, David Lion's medical care and treatment;

    H.    Abandoning plaintiff, David Lion, at all times pertinent to his medical surgical care, attention and treatment.

21.    Defendant, "John Hogan, M.D." committed, inter alia, the following acts of medical negligence:

    A.    Failed to provide reasonable and proper medical and surgical care under the circumstances;

    B.    Failed to make use of available and necessary hospital facilities, laboratory and diagnostic studies at all times pertinent thereto;

    C.    Failed to take proper cognizance of plaintiff, David Lion's, physical signs, symptoms and medical history at all times pertinent thereto;

        D.      Failed to attend to plaintiff, David Lion, with requiste regularity at al times pertinent thereto;

        E.      Failed to adequately monitor the plaintiff, David Lion;

        F.      Failed to properly interpret the X-rays of David Lion;

        G.      Failed to timely diagnose infectious process at all times pertinent to plaintiff, David Lion's medical care and treatment;

        H.      Abandoning plaintiff, David Lion, at all times pertinent to his medical surgical care, attention and treatment.

22.    Defendant, "Michael Aboutanos, M.D." committed, inter alia, the following acts of medical negligence:

        A.      Failed to provide reasonable and proper medical and surgical care under the circumstances;

        B.      Failed to make use of available and necessary hospital facilities, laboratory and diagnostic studies at all times pertinent thereto;

        C.      Failed to take proper cognizance of plaintiff, David Lion's, physical signs, symptoms and medical history at all times pertinent thereto;

        D.      Failed to attend to plaintiff, David Lion, with requiste regularity at al times pertinent thereto;

        E.      Failed to adequately monitor the plaintiff, David Lion;

        F.      Failed to properly interpret the X-rays of David Lion;

        G.      Failed to timely diagnose infectious process at all times pertinent to plaintiff, David Lion's medical care and treatment;

        H.      Abandoning plaintiff, David Lion, at all times pertinent to his medical

surgical care, attention and treatment.

23.     Defendant, "VCU" committed. *Inter alia*, the following acts of medical negligence :

   A.   Failed to provide reasonable and proper medical and nursing care under the circumstances;

   B.   Failed to provide medical and nursing care in accordance with the requisite standards;

   C.   Failed to properly supervise its agents, servants and employees including; but not limited to defendant, "Kellum M.D.", at all times pertinent to plaintiff, David Lion ;

   D.   Failed to provide proper medical care attention and treatment to plaintiff, David Lion;

   E.   Failed to make use of available and necessary hospital facilities, laboratory and diagnostic studies at all times pertinent to plaintiff, David Lion;

   F.   Failed to take proper cognizance of plaintiff, David Lion's, physical signs, symptoms and medical history at all times pertinent thereto;

   G.   Failed to attend to plaintiff, David Lion, with requisite regularity at all times pertinent thereto;

   H.   Failed to adequately monitor the progress of plaintiff, David Lion.

   I.   This defendant is vicariously liable for the acts/omissions of defendant, "Kellum, M.D."

    J.    Failed to adequately interpret the signs and symptoms manifested by David Lion;

    K.    Failed to properly interpret radiological reports.

## SECOND COUNT

24. Plaintiff repeats the allegations of paragraphs 1 through 15 of this complaint as if set forth herein at length.

25. As a result of the aforesaid acts of negligence by defendants, plaintiff, David Lion sustained physical injuries including, but not limited to the requiring of further surgery to the affected area to correct the surgery performed by the defendant "Kellum, M.D.", requiring otherwise unnecessary medical and surgical care and hospitalization, severe and permanent limitation of motion, emotional distress and psychological distress, all of which have caused him great pain and suffering and which have prevented him from engaging in and enjoying the normal activities of his life, and which will continue for an indefinite time in the future, and which may be permanent.

26. The aforesaid acts of negligence by defendants also increased the risk of harm that plaintiff, David Lion, would suffer the aforementioned injuries.

27. As a result of the aforesaid acts of negligence by defendants, plaintiff David Lion has suffered a loss and depreciation of his earnings for an indefinite time in the future, and throughout his life expectancy, to his great detriment and loss.

28. As a results of the aforesaid acts of negligence by defendants, plaintiff David Lion, has been obliged and will be further obliged to spend money and incur obligations for his medical treatment and care.

WHEREFORE, Plaintiff, David Lion demands judgment against all defendants, jointly

and severally in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, as well as lawful interest and costs.

A jury trial is demanded .

                                                   _____
                                                   ARLEN S. YALKUT 1522 AY
                                                   YALKUT & ISRAEL
                                                   Attorney for Plaintiff
                                                   865-B Walton Avenue
                                                   Bronx, NY 10451

## CERTIFICATE OF MERIT

ARLEN S. YALKUT, an attorney duly admitted to practice in the courts of the State of New York, hereby affirms, pursuant to Section 2106 of the CPLR

That I have reviewed the facts of this case and have consulted with at least one physician who is licensed to practice in this state, or any other state, and I reasonably believe that said physician is knowledgeable as to the relevant issues involved in this particular action, and I have concluded on that basis of such review and consultation that there is a reasonable basis for the commencement of this action,

Dated:   Bronx, New York
         April 5, 2007

_____
ARLEN S. YALKUT