# LR
# LECLAIR RYAN

*A Professional Corporation*

830 Third Ave
Fifth Floor
New York, New York 10022
Phone: 212.430.8020
Fax: 212.430.8079

ATTORNEYS AT LAW

**MICHAEL T. CONWAY**
michael.conway@leclairryan.com

Direct Dial: 212.430.8032
Direct Fax: 212.430.8062

June 11, 2007

<u>Via ECF Filing and Federal Express</u>

Hon. Stephen C. Robinson
United States District Court Judge
Southern District of New York
United States Courthouse
300 Quarropas St., Room 633
White Plains, NY 10601

    Re:    David Lion, et al. v. VCU Health System MCU Hospitals and Physicians, et al.
            <u>Case Number: 07-3129 (SCR); Our File No.: 04003.0147</u>

Dear Judge Robinson:

    We represent VCU Health System Authority, erroneously sued in the above-referenced action as VCU Health System MCU Hospitals and Physicians (herein, "VCU Health System"), and each of the individual defendant doctors (collectively with VCU Health System, the "Defendants") in the above-referenced action. Pursuant to Your Honor's Individual Practices, we write to request a pre-motion conference to discuss our making a motion to dismiss the Complaint filed in the above-referenced matter.

    By way of background, on or about April 19, 2007, Plaintiff David Lion ("Lion") filed this lawsuit against Defendants alleging claims of negligence based on purported medical malpractice on the part of Defendants. Specifically, Lion received medical care and treatment from Defendants in Richmond, Virginia beginning on or around May 2, 2005; the Complaint purports to allege two claims for negligence arising from such medical care and treatment. Defendants seek leave to file a motion to dismiss, pursuant to Fed. R. Civ. P. 12(b)(1) (lack of subject matter jurisdiction), 12(b)(2) (lack of personal jurisdiction), 12(b)(3) (improper venue) and 12(b)(6) (failure to state a claim on which relief can be granted).

## Subject Matter Jurisdiction

    This Court lacks subject matter jurisdiction as to VCU Health System because it cannot be sued in federal court based on the 11th Amendment to the United States Constitution, which prohibits

*Hon. Stephen C. Robinson*
June 11, 2007
Page 2

the filing of lawsuits in federal court against states and their instrumentalities. VCU Health System is an instrumentality of the Commonwealth of Virginia. Va. Code §23-50.16:3(A) (VCU Health System "created as a public body corporate and as a political subdivision of the Commonwealth…and is hereby constituted a public instrumentality, exercising public and essential governmental functions.").

This Court also lacks subject matter jurisdiction because Lion failed to satisfy a condition precedent to bringing this action under the Virginia Tort Claims Act, Va. Code §8.01-195.1, *et seq.* Section 8.01-195.6 states that any action will be barred unless plaintiff files a written notice of claim with the Director of Risk Management or the Attorney General within one year of the accrual of the cause of action. Lion has not filed this notice and has therefore failed to satisfy any of the requirements set forth in §8.01-195.6.

### Personal Jurisdiction

This Court also lacks personal jurisdiction over Defendants. The jurisdictional facts which are alleged by Plaintiff are devoid of facts which might demonstrate a basis for exercising personal jurisdiction over any of the Defendants in New York. Moreover, Plaintiff fails to allege any jurisdictional facts at all with respect to three of the Defendant Doctors, Drs. Pozez, Hogan and Aboutanos. As will be established in the motion, none of the Defendants engage in continuous, permanent, and/or substantial activity in New York as required to establish general personal jurisdiction under CPLR § 301, nor do they have sufficient contacts with New York to warrant personal jurisdiction under CPLR § 302. They do not transact any business in New York; they did not commit a tortious act that caused injury in New York; they do not own real estate in New York; and there are no facts which would satisfy the remaining factors identified in CPLR §302(3)(i) or(ii).

### Venue

Venue in this District is improper under 28 U.S.C. §1391(a) because Defendants do not reside in New York, Plaintiff's claim arises from events which, without limitation, occurred in the Eastern District of Virginia and Defendants are not otherwise subject to personal jurisdiction in New York.

### Failure to State a Claim

Plaintiff also has failed to allege sufficient facts to state an actionable claim against Defendants as a matter of law. Plaintiff has failed to allege all of the essential elements to state a claim for negligence. Plaintiff also cannot proceed against VCU Health System based on sovereign immunity – indeed, each of Plaintiff's arguments relating to the protection afforded by the 11th Amendment and plaintiff's failure to comply with the strict requirements of the notice provision of the Virginia Tort Claims Act also apply to Defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).

*Hon. Stephen C. Robinson*
June 11, 2007
Page 3

      Clearly, Defendants are entitled to the dismissal of Lion's Complaint and, therefore, respectfully request a pre-motion conference so that their motion to dismiss may be filed as quickly as possible.

                                                    Respectfully,

                                                   Michael T. Conway

MTC/nh

cc:    Arlen S. Yalkut, Esq.