# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

DAVID LION
60-80 67ᵗʰ Avenue
Ridgewood, New York 11385

**JUDGE ROBINSON**

CIVIL ACTION

**07 CV - 3129**

VCU HEALTH SYSTEM, MCU HOSPITALS & PHYSICIANS
Doing Business As VCU MEDICAL CENTER
1250 E. Marshall Street
Richmond, VA 23219

and

**JURY TRIAL DEMANDED**

JOHN M. KELLUM M.D
1250 E. Marshall Street
Richmond, VA 23219

AARON SCOTT M.D.
1250 E. Marshall Street
Richmond, VA 23219

MARK WILLIS M.D.
1250 E. Marshall Street
Richmond, VA 23219

NORMAN BORDMAN M.D.
1250 E. Marshall Street
Richmond, VA 23219

ELIOTT GANYON M.D.
1250 E. Marshall Street
Richmond, VA 23219

ANDREA POZEZ M..D.
1250 E. Marshall Street
Richmond, VA 23219

JOHN C. HOGAN M.D.
1250 E. Marshall Street
Richmond, VA 23219

MICHAEL ABOUTANOS M.D.
1250 E. Marshall Street
Richmond, VA 23219

## COMPLAINT

## PRELIMINARY STATEMENT

1.    Plaintiff, David Lion is a citizen and resident of the State of New York at the above stated

      address.

2.    Defendant, VCU HEALTH SYSTEM MCU HOSPITALS AND PHYSICIANS ( herein

      after referred to as "VCU"), is a duly organized health care facility under the law of the

      State of Virginia, doing business as VCU Medical Center, providing hospital facilities

      and care and  doing business at the above stated address.

3.    Defendant, John M. Kellum, M.D. referred to as "Kellum, M.D." is a citizen in the State

      of Virginia and a licensed physician maintaining an office at the above stated address.

4.    Defendant, Aaron Scott, M.D. referred to as "Scott, M.D." is a citizen in the State of

      Virginia and a licensed physician maintaining an office at the above stated address.

5.    Defendant, Mark Willis, M.D. referred to as "Willis, M.D." is a citizen in the State of

      Virginia and a licensed physician maintaining an office at the above stated address.

6.    Defendant, Norman Bordman, M.D. referred to as "Bordman, M.D." is a citizen in the

      State of Virginia and a licensed physician maintaining an office at the above stated

address.

7.  Defendant, Eliott Ganyon, M.D. referred to as "Ganyon, M.D." is a citizen in the State of

Virginia and a licensed physician maintaining an office at the above stated address.

8.  This Court has jurisdiction pursuant to 28 U.S.C. 1332 (a) because the amount in

controversy, exclusive of interest and costs, exceeds the sum of Seventy-Five Thousand

($75,000.00) Dollars and there is a diversity citizenship between the plaintiff and each

defendant.

9.  Venue in this Court is proper under 28 U.S.C. 1391 (a) because the plaintiff resides in

this district.

10.  An affidavit of merit, is annexed hereto as exhibit "A".

## **FIRST COUNT**

11.  At all times material herein, defendants, "VCU" acted through its agents, servants and/or

employees, including , but not limited to the defendants, "Kellum ,M.D.", "Scott M.D".,

"Willis  M.D"., "Bordman M.D., "Ganyon M.D.", "Pozez M.D"., "Hogan M.D.",

"Aboutanos M.D.".

12.  On or about May 1, 2005 plaintiff, David Lion came under the professional care of

defendants, "VCU",  and "Kellum M.D.", "Scott M.D.", "Willis  M.D.", "Bordman

M.D.", " Ganyon M.D.", "Pozez M.D.", "Hogan M.D.", "Aboutanos M.D.".

for medical and surgical care, attention and treatment.

13. Defendants "Kellum ,M.D.", "Scott M.D.", "Willis M.D.", "Bordman M.D.", "Ganyon M.D.", "Pozez M.D.", "Hogan M.D.", "Aboutanos M.D.","" owed plaintiff David Lion, the duty to possess and exercise that degree of professional skill and knowledge required of practitioners within the health care profession.

14. Defendants, "Kellum ,M.D.", "Scott M.D"., "Willis M.D.", " Bordman M.D.", " Ganyon M.D.", "Pozez M.D.", "Hogan M.D.", " Aboutanos M.D."." breached the aforesaid duty of care by committing acts of negligence, including but not limited to those set forth in the following paragraphs.

15. Defendant, "Kellum, M.D." committed, inter alia, the following acts of medical negligence:

    A.    Failed to provide reasonable and proper medical and surgical care under the circumstances;

    B.    Failed to make use of available and necessary hospital facilities, laboratory and diagnostic studies at all times pertinent thereto;

    C.    Failed to take proper cognizance of plaintiff, David Lion's, physical signs, symptoms and medical history at all times pertinent thereto;

    D.    Failed to attend to plaintiff, David Lion, with requiste regularity at al times pertinent thereto;

    E.    Failed to adequately monitor the plaintiff, David Lion;

    F.    Failed to properly interpret the X-rays of David Lion;

    G.    Failed to timely diagnose infectious process at all times pertinent to

plaintiff, David Lion's medical care and treatment;

H.    Abandoning plaintiff, David Lion, at all times pertinent to his medical

surgical care, attention and treatment.


16.    Defendant, "Scott, M.D." committed, inter alia, the following acts of medical negligence:

A.    Failed to provide reasonable and proper medical and surgical care under the

circumstances;

B.    Failed to make use of available and necessary hospital facilities, laboratory

and diagnostic studies at all times pertinent thereto;

C.    Failed to take proper cognizance of plaintiff, David Lion's, physical signs,

symptoms and medical history at all times pertinent thereto;

D.    Failed to attend to plaintiff, David Lion, with requiste regularity at al times

pertinent thereto;

E.    Failed to adequately monitor the plaintiff, David Lion;

F.    Failed to properly interpret the X-rays of David Lion;

G.    Failed to timely diagnose infectious process at all times pertinent to

plaintiff, David Lion's medical care and treatment;

H.    Abandoning plaintiff, David Lion, at all times pertinent to his medical

surgical care, attention and treatment.

17.    Defendant, "Willis, M.D." committed, inter alia, the following acts of medical negligence:

A.    Failed to provide reasonable and proper medical and surgical care under the

circumstances;

B.    Failed to make use of available and necessary hospital facilities, laboratory

and diagnostic studies at all times pertinent thereto;

C.    Failed to take proper cognizance of plaintiff, David Lion's, physical signs, symptoms and medical history at all times pertinent thereto;

D.    Failed to attend to plaintiff, David Lion, with requisite regularity at al times pertinent thereto;

E.    Failed to adequately monitor the plaintiff, David Lion;

F.    Failed to properly interpret the X-rays of David Lion;

G.    Failed to timely diagnose infectious process at all times pertinent to plaintiff, David Lion's medical care and treatment;

H.    Abandoning plaintiff, David Lion, at all times pertinent to his medical surgical care, attention and treatment.

18.    Defendant, "Bordman, M.D." committed, inter alia, the following acts of medical negligence:

A.    Failed to provide reasonable and proper medical and surgical care under the circumstances;

B.    Failed to make use of available and necessary hospital facilities, laboratory and diagnostic studies at all times pertinent thereto;

C.    Failed to take proper cognizance of plaintiff, David Lion's, physical signs, symptoms and medical history at all times pertinent thereto;

D.    Failed to attend to plaintiff, David Lion, with requiste regularity at al times pertinent thereto;

E.    Failed to adequately monitor the plaintiff, David Lion;

F.    Failed to properly interpret the X-rays of David Lion;

G. Failed to timely diagnose infectious process at all times pertinent to plaintiff, David Lion's medical care and treatment;

H. Abandoning plaintiff, David Lion, at all times pertinent to his medical surgical care, attention and treatment.

19. Defendant, "Ganyon, M.D." committed, inter alia, the following acts of medical negligence:

A. Failed to provide reasonable and proper medical and surgical care under the circumstances;

B. Failed to make use of available and necessary hospital facilities, laboratory and diagnostic studies at all times pertinent thereto;

C. Failed to take proper cognizance of plaintiff, David Lion's, physical signs, symptoms and medical history at all times pertinent thereto;

D. Failed to attend to plaintiff, David Lion, with requiste regularity at al times pertinent thereto;

E. Failed to adequately monitor the plaintiff, David Lion;

F. Failed to properly interpret the X-rays of David Lion;

G. Failed to timely diagnose infectious process at all times pertinent to plaintiff, David Lion's medical care and treatment;

H. Abandoning plaintiff, David Lion, at all times pertinent to his medical surgical care, attention and treatment.

circumstances;


20. Defendant, "Andrea Pozez, M.D." committed, inter alia, the following acts of medical

negligence:

A.    Failed to provide reasonable and proper medical and surgical care under the circumstances;

B.    Failed to make use of available and necessary hospital facilities, laboratory and diagnostic studies at all times pertinent thereto;

C.    Failed to take proper cognizance of plaintiff, David Lion's, physical signs, symptoms and medical history at all times pertinent thereto;

D.    Failed to attend to plaintiff, David Lion, with requiste regularity at al times pertinent thereto;

E.    Failed to adequately monitor the plaintiff, David Lion;

F.    Failed to properly interpret the X-rays of David Lion;

G.    Failed to timely diagnose infectious process at all times pertinent to plaintiff, David Lion's medical care and treatment;

H.    Abandoning plaintiff, David Lion, at all times pertinent to his medical surgical care, attention and treatment.

21.    Defendant, "John Hogan, M.D." committed, inter alia, the following acts of medical negligence:

A.    Failed to provide reasonable and proper medical and surgical care under the circumstances;

B.    Failed to make use of available and necessary hospital facilities, laboratory and diagnostic studies at all times pertinent thereto;

C.    Failed to take proper cognizance of plaintiff, David Lion's, physical signs, symptoms and medical history at all times pertinent thereto;

    D.     Failed to attend to plaintiff, David Lion, with requiste regularity at al times pertinent thereto;

    E.     Failed to adequately monitor the plaintiff, David Lion;

    F.     Failed to properly interpret the X-rays of David Lion;

    G.     Failed to timely diagnose infectious process at all times pertinent to plaintiff, David Lion's medical care and treatment;

    H.     Abandoning plaintiff, David Lion, at all times pertinent to his medical surgical care, attention and treatment.

22.    Defendant, "Michael Aboutanos, M.D." committed, inter alia, the following acts of medical negligence:

    A.     Failed to provide reasonable and proper medical and surgical care under the circumstances;

    B.     Failed to make use of available and necessary hospital facilities, laboratory and diagnostic studies at all times pertinent thereto;

    C.     Failed to take proper cognizance of plaintiff, David Lion's, physical signs, symptoms and medical history at all times pertinent thereto;

    D.     Failed to attend to plaintiff, David Lion, with requiste regularity at al times pertinent thereto;

    E.     Failed to adequately monitor the plaintiff, David Lion;

    F.     Failed to properly interpret the X-rays of David Lion;

    G.     Failed to timely diagnose infectious process at all times pertinent to plaintiff, David Lion's medical care and treatment;

    H.     Abandoning plaintiff, David Lion, at all times pertinent to his medical

surgical care, attention and treatment.

23.    Defendant, "VCU" committed. *Inter alia*, the following acts of medical negligence :

A.    Failed to provide reasonable and proper medical and nursing care under the circumstances;

B.    Failed to provide medical and nursing care in accordance with the requisite standards;

C.    Failed to properly supervise its agents, servants and employees including; but not limited to defendant, "Kellum M.D.", at all times pertinent to plaintiff, David Lion ;

D.    Failed to provide proper medical care attention and treatment to plaintiff, David Lion;

E.    Failed to make use of available and necessary hospital facilities, laboratory and diagnostic studies at all times pertinent to plaintiff, David Lion;

F.    Failed to take proper cognizance of plaintiff, David Lion's, physical signs, symptoms and medical history at all times pertinent thereto;

G.    Failed to attend to plaintiff, David Lion, with requisite regularity at all times pertinent thereto;

H.    Failed to adequately monitor the progress of plaintiff, David Lion.

I.    This defendant is vicariously liable for the acts/omissions of defendant, "Kellum, M.D."

J.    Failed to adequately interpret the signs and symptoms manifested by David
      Lion;

K.    Failed to properly interpret radiological reports.

## SECOND COUNT

24.   Plaintiff repeats the allegations of paragraphs 1 through 15 of this complaint as if set forth
      herein at length.

25.   As a result of the aforesaid acts of negligence by defendants, plaintiff, David Lion
      sustained physical injuries including , but not limited to the requiring of further surgery to
      the affected area to correct the surgery performed by the defendant "Kellum, M.D.",
      requiring otherwise unnecessary medical and surgical care and hospitalization, severe and
      permanent limitation of motion, emotional distress and psychological distress, all of which
      have caused him great pain and suffering and which have prevented him from engaging in
      and enjoying the normal activities of his life, and which will continue for an indefinite
      time in the future, and which may be permanent.

26.   The aforesaid acts of negligence by defendants also increased the risk of harm that
      plaintiff, David Lion, would suffer the aforementioned injuries.

27.   As a result of the aforesaid acts of negligence by defendants , plaintiff David Lion has
      suffered a loss and depreciation of his earnings for an indefinite time in the future, and
      throughout his life expectancy, to his great detriment and loss.

28.   As a results of the aforesaid acts of negligence by defendants, plaintiff David Lion, has
      been obliged and will be further obliged to spend money and incur obligations for his
      medical treatment and care.

      WHEREFORE, Plaintiff, David Lion demands judgment against all defendants, jointly

and severally in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, as well as

lawful interest and costs.

A jury trial is demanded .

ARLEN S. YALKUT 1522 AY
YALKUT & ISRAEL
Attorney for Plaintiff
865-B Walton Avenue
Bronx, NY 10451

## CERTIFICATE OF MERIT

ARLEN S. YALKUT, an attorney duly admitted to practice in the courts of the State of New York, hereby affirms, pursuant to Section 2106 of the CPLR

That I have reviewed the facts of this case and have consulted with at least one physician who is licensed to practice in this state, or any other state, and I reasonably believe that said physician is knowledgeable as to the relevant issues involved in this particular action, and I have concluded on that basis of such review and consultation that there is a reasonable basis for the commencement of this action,

Dated:     Bronx, New York
           April 5, 2007

_____
ARLEN S. YALKUT

# EXHIBIT B

LeCLAIR RYAN, A Professional Corporation
830 Third Avenue
New York, New York 10022
Telephone: (212) 430-8032
Facsimile: (212) 430-8062
Michael T. Conway, Esq. (MC 2224)

   and

LeCLAIR RYAN, A Professional Corporation
Riverfront Plaza, East Tower
951 East Byrd Street
P.O. Box 2499
Richmond, Virginia 23218-2499
Linda B. Georgiadis, Esq.
Paul D. Anders, Esq.
Telephone:  (804) 783-2003
Facsimile:  (804) 783-2294

*Attorneys for Defendants*
*VCU Health System, MCU Hospitals &*
*Physicians d/b/a VCU Medical Center,*
*John M. Kellum, M.D., Aaron Scott, M.D.,*
*Mark Willis, M.D., Norman Bordman, M.D.,*
*Eliot Ganyon, M.D., Andrea Pozez, M.D.,*
*John C. Hogan, M.D., and Michael Aboutanos, M.D.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------X

DAVID LION,

      Plaintiff,

    v.

VCU HEALTH SYSTEM, MCU HOSPITALS
& PHYSICIANS d/b/a VCU MEDICAL
CENTER, et al.,

      Defendants.

-------------------------------------------------------X

Case Number: 07 CV 3129 (SCR)

**DECLARATION OF**
**SHELDON RETCHIN, M.D.**
**IN SUPPORT OF MOTION TO DISMISS**

I, Sheldon Retchin, M.D., being more than 18 years old and competent to testify, declare as follows:

1.      This affidavit is based on my personal knowledge.

2.      I am a physician, licensed to practice medicine in the Commonwealth of Virginia. I hold undergraduate, medical and public health degrees from the University of North Carolina at Chapel Hill.

3.      I currently reside in the Commonwealth of Virginia.

4.      I currently hold the position of Chief Executive Officer of the Virginia Commonwealth University Health System Authority, otherwise known as VCU Health System. I have held the position of Chief Executive Officer of VCU Health System since 2003.

5.      Upon information and belief, I believe that VCU Health System is the entity incorrectly identified in the Complaint by plaintiff as defendant "VCU Health System, MCU Hospitals & Physician d/b/a VCU Medical Center."

6.      VCU Health System was established pursuant to the Virginia Commonwealth University Health System Authority Act, Va. Code §§23-50.16:1, et seq.

7.      VCU Health System operates MCV Hospitals, and other health-care and related facilities in the Commonwealth of Virginia.

8.      VCU Health System has no employees or agents working on its behalf in the State of New York.

9.      VCU Health System does not maintain an office or telephone listing in the State of New York.

10.     VCU Health System does not maintain any bank accounts in the State of New York.

2

11.     VCU Health System does not own, lease or use any real estate in the State of New York.

12.     VCU Health System does not provide medical care, treatment or other services in the State of New York.

13.     VCU Health System does not own or operate any educational or training facilities relating to medical services in the State of New York

14.     VCU Health System does not own or operate any medical research facilities in the State of New York.

15.     VCU Health System has not entered into any contracts to provide medical care and treatment in the State of New York.

16.     VCU Health System does not pay state income tax in New York.

17.     VCU Health System does not directly solicit business in New York.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: June 8, 2007

Sheldon Retchin, M.D.

3

# EXHIBIT C

LeCLAIR RYAN, A Professional Corporation
830 Third Avenue
New York, New York 10022
Telephone: (212) 430-8032
Facsimile: (212) 430-8062
Michael T. Conway, Esq. (MC 2224)

   and

LeCLAIR RYAN, A Professional Corporation
Riverfront Plaza, East Tower
951 East Byrd Street
P.O. Box 2499
Richmond, Virginia 23218-2499
Linda B. Georgiadis, Esq.
Paul D. Anders, Esq.
Telephone: (804) 783-2003
Facsimile: (804) 783-2294

*Attorneys for Defendants*
*VCU Health System, MCU Hospitals &*
*Physicians d/b/a VCU Medical Center,*
*John M. Kellum, M.D., Aaron Scott, M.D.,*
*Mark Willis, M.D., Norman Bordman, M.D.,*
*Eliot Gagnan, M.D., Andrea Pozez, M.D.,*
*John C. Hogan, M.D., and Michel Aboutanos, M.D.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------X

DAVID LION,

     Plaintiff,

   v.

VCU HEALTH SYSTEM, MCU
HOSPITALS & PHYSICIANS d/b/a VCU
MEDICAL CENTER, et al.,

     Defendants.

-----------------------------------------------------------X

Case Number: 07 CV 3129 (SCR)

**DECLARATION OF**
**JOHN M. KELLUM, M.D.**
**IN SUPPORT OF MOTION TO DISMISS**

I, John M. Kellum, M.D., being more than 18 years old and competent to testify, declare as follows:

1.     This affidavit is based on my personal knowledge.

2.     I currently reside in the Commonwealth of Virginia. I have never lived in the State of New York.

3.     I am a physician licensed to practice medicine in the Commonwealth of Virginia. I am not, and have never been licensed to practice medicine in the State of New York.

4.     I have been granted privileges to practice medicine at VCU Health System, MCV Hospitals. I do not have, and have never had privileges at any hospital or health care system in the State of New York.

5.     I maintain my medical office in the Commonwealth of Virginia. I do not maintain, and have never maintained, a medical office in the State of New York.

6.     I have never practiced medicine in the State of New York.

7.     I am not employed by any business that operates, maintains its principal place of business or offices, or is incorporated in the State of New York.

8.     I have not entered into any contracts to provide medical care and treatment to residents of the State of New York.

9.     I do not directly solicit any business from residents of the State of New York.

10.     I have never owned, operated or participated in a business that maintains an office, performs services or provides goods in the State of New York.

11.     I do not own, lease or use any real estate in the State of New York.

2

12.   I do not maintain any bank accounts in the State of New York.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: June 4, 2007

John M. Kellum, M.D.

# EXHIBIT D

LeCLAIR RYAN, A Professional Corporation
830 Third Avenue
New York, New York 10022
Telephone: (212) 430-8032
Facsimile: (212) 430-8062
Michael T. Conway, Esq. (MC 2224)

     and

LeCLAIR RYAN, A Professional Corporation
Riverfront Plaza, East Tower
951 East Byrd Street
P.O. Box 2499
Richmond, Virginia 23218-2499
Linda B. Georgiadis, Esq.
Paul D. Anders, Esq.
Telephone:    (804) 783-2003
Facsimile:    (804) 783-2294

*Attorneys for Defendants*
*VCU Health System, MCU Hospitals &*
*Physicians d/b/a VCU Medical Center,*
*John M. Kellum, M.D., Aaron Scott, M.D.,*
*Mark Willis, M.D., Norman Bordman, M.D.,*
*Eliot Gagnan, M.D., Andrea Pozez, M.D.,*
*John C. Hogan, M.D., and Michel Aboutanos, M.D.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------X

DAVID LION,

                Plaintiff,

        v.

VCU HEALTH SYSTEM, MCU HOSPITALS
& PHYSICIANS d/b/a VCU MEDICAL
CENTER, et al.,

                Defendants.

-------------------------------------------------------X

Case Number: 07 CV 3129 (SCR)

**DECLARATION OF
AARON SCOTT, M.D.
<u>IN SUPPORT OF MOTION TO DISMISS</u>**

I, Aaron Scott, M.D., being more than 18 years old and competent to testify, declare as follows:

1.      This affidavit is based on my personal knowledge.

2.      I currently reside in the Commonwealth of Virginia.  I have never lived in the State of New York.

3.      I am currently employed as a resident physician at VCU Health System, MCV Hospital.

4.      I am not, and have never been licensed to practice medicine in the State of New York.

5.      I do not have, and have never had privileges at any hospital or health care system in the State of New York.

6.      I do not maintain, and have never maintained, a medical office in the State of New York.

7.      I have never practiced medicine in the State of New York.

8.      I am not employed by any business that operates, maintains its principal place of business or offices, or is incorporated in the State of New York.

9.      I have not entered into any contracts to provide medical care and treatment to residents of the State of New York.

10.      I do not directly solicit any business from residents of the State of New York.

11.      I have never owned, operated or participated in a business that maintains an office, performs services or provides goods in the State of New York.

12.      I do not own, lease or use any real estate in the State of New York.

2

13.     I do not maintain any bank accounts in the State of New York.


I declare under penalty of perjury that the foregoing is true and correct.

Dated: June 4, 2007

_____
Aaron Scott, M.D.

# EXHIBIT E

LeCLAIR RYAN, A Professional Corporation
830 Third Avenue
New York, New York 10022
Telephone: (212) 430-8032
Facsimile: (212) 430-8062
Michael T. Conway, Esq. (MC 2224)

    and

LeCLAIR RYAN, A Professional Corporation
Riverfront Plaza, East Tower
951 East Byrd Street
P.O. Box 2499
Richmond, Virginia 23218-2499
Linda B. Georgiadis, Esq.
Paul D. Anders, Esq.
Telephone:    (804) 783-2003
Facsimile:    (804) 783-2294

*Attorneys for Defendants*
*VCU Health System, MCU Hospitals &*
*Physicians d/b/a VCU Medical Center,*
*John M. Kellum, M.D., Aaron Scott, M.D.,*
*Mark Willis, M.D., Norman Bordman, M.D.,*
*Eliot Gagnan, M.D., Andrea Pozez, M.D.,*
*John C. Hogan, M.D., and Michel Aboutanos, M.D.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

DAVID LION,

                          Plaintiff,

               v.

VCU HEALTH SYSTEM, MCU
HOSPITALS & PHYSICIANS d/b/a VCU
MEDICAL CENTER, et al.,

                      Defendants.

------------------------------------------------------------X

Case Number: 07 CV 3129 (SCR)

**DECLARATION OF**
**MARK C. WILLIS, M.D.**
**IN SUPPORT OF MOTION TO DISMISS**

I, Mark C. Willis, M.D., being more than 18 years old and competent to testify, declare as follows:

1.    This affidavit is based on my personal knowledge.

2.    I currently reside in the Commonwealth of Virginia. I have never lived in the State of New York.

3.    I am a physician licensed to practice medicine in the Commonwealth of Virginia. I am not, and have never been licensed to practice medicine in the State of New York.

4.    I have been granted privileges to practice medicine at VCU Health System, MCV Hospitals. I do not have, and have never had privileges at any hospital or health care system in the State of New York.

5.    I maintain my medical office in the Commonwealth of Virginia. I do not maintain, and have never maintained, a medical office in the State of New York.

6.    I have never practiced medicine in the State of New York.

7.    I am not employed by any business that operates, maintains its principal place of business or offices, or is incorporated in the State of New York.

8.    I have not entered into any contracts to provide medical care and treatment to residents of the State of New York.

9.    I do not directly solicit any business from residents of the State of New York.

10.    I have never owned, operated or participated in a business that maintains an office, performs services or provides goods in the State of New York.

11.    I do not own, lease or use any real estate in the State of New York.

12.    I do not maintain any bank accounts in the State of New York.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: June 4, 2007

Mark C. Willis, M.D.

# EXHIBIT F

LeCLAIR RYAN, A Professional Corporation
830 Third Avenue
New York, New York 10022
Telephone: (212) 430-8032
Facsimile: (212) 430-8062
Michael T. Conway, Esq. (MC 2224)

      and

LeCLAIR RYAN, A Professional Corporation
Riverfront Plaza, East Tower
951 East Byrd Street
P.O. Box 2499
Richmond, Virginia 23218-2499
Linda B. Georgiadis, Esq.
Paul D. Anders, Esq.
Telephone:    (804) 783-2003
Facsimile:    (804) 783-2294

*Attorneys for Defendants*
*VCU Health System, MCU Hospitals &*
*Physicians d/b/a VCU Medical Center,*
*John M. Kellum, M.D., Aaron Scott, M.D.,*
*Mark Willis, M.D., Norman Bordman, M.D.,*
*Eliot Gagnan, M.D., Andrea Pozez, M.D.,*
*John C. Hogan, M.D., and Michel Aboutanos, M.D.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------X

DAVID LION,

                    Plaintiff,

          v.

VCU HEALTH SYSTEM, MCU HOSPITALS
& PHYSICIANS d/b/a VCU MEDICAL
CENTER, et al.,

                    Defendants.

-------------------------------------------------------X

Case Number: 07 CV 3129 (SCR)

**DECLARATION OF
NORMAN DOUGLAS BOARDMAN, III,
M.D.
IN SUPPORT OF MOTION TO DISMISS**

I, Norman Douglas Boardman, III, M.D., III, being more than 18 years old and competent to testify, declare as follows:

1.    This affidavit is based on my personal knowledge.

2.    Upon information and belief, I believe that I am the individual incorrectly identified by plaintiff in the Complaint as "Norman Bordman." My proper name is Norman Douglas Boardman, III, M.D.

3.    I currently reside in the Commonwealth of Virginia.  I have never lived in the State of New York.

4.    I am a physician licensed to practice medicine in the Commonwealth of Virginia. I am not, and have never been licensed to practice medicine in the State of New York.

5.    I have been granted privileges to practice medicine at VCU Health System, MCV Hospitals.  I do not have, and have never had privileges at any hospital or health care system in the State of New York.

6.    I maintain my medical office in the Commonwealth of Virginia.  I do not maintain, and have never maintained, a medical office in the State of New York.

7.    I have never practiced medicine in the State of New York.

8.    I am not employed by any business that operates, maintains its principal place of business or offices, or is incorporated in the State of New York.

9.    I have not entered into any contracts to provide medical care and treatment to residents of the State of New York.

10.    I do not directly solicit any business from residents of the State of New York.

11.    I have never owned, operated or participated in a business that maintains an office, performs services or provides goods in the State of New York.

2

12.    I do not own, lease or use any real estate in the State of New York.

13.    I do not maintain any bank accounts in the State of New York.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: June 7, 2007

Norman Douglas Boardman, M.D., III

3