# EXHIBIT G

LeCLAIR RYAN, A Professional Corporation
830 Third Avenue
New York, New York 10022
Telephone: (212) 430-8032
Facsimile: (212) 430-8062
Michael T. Conway, Esq. (MC 2224)

        and

LeCLAIR RYAN, A Professional Corporation
Riverfront Plaza, East Tower
951 East Byrd Street
P.O. Box 2499
Richmond, Virginia 23218-2499
Linda B. Georgiadis, Esq.
Paul D. Anders, Esq.
Telephone:    (804) 783-2003
Facsimile:    (804) 783-2294

*Attorneys for Defendants*
*VCU Health System, MCU Hospitals &*
*Physicians d/b/a VCU Medical Center,*
*John M. Kellum, M.D., Aaron Scott, M.D.,*
*Mark Willis, M.D., Norman Bordman, M.D.,*
*Elliott Gagnon, M.D., Andrea Pozez, M.D.,*
*John C. Hogan, M.D., and Michel Aboutanos, M.D.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------X

DAVID LION,

                Plaintiff,

        v.

VCU HEALTH SYSTEM, MCU HOSPITALS
& PHYSICIANS d/b/a VCU MEDICAL
CENTER, et al.,

                Defendants.

-----------------------------------------------------------X

Case Number: 07 CV 3129 (SCR)

**DECLARATION OF
ELLIOTT GAGNAN, M.D.
IN SUPPORT OF MOTION TO DISMISS**

I, Elliott Gagnon, M.D., being more than 18 years old and competent to testify, declare as follows:

1.     This affidavit is based on my personal knowledge.

2.     Upon information and belief, I believe that I am the individual incorrectly identified by plaintiff in the Complaint as "Eliot Ganyon." My proper name is Elliott Gagnon.

3.     I currently reside in the Commonwealth of Virginia. I have never lived in the State of New York.

4.     I am currently employed as a resident physician at VCU Health System, MCV Hospitals.

5.     I am not, and have never been licensed to practice medicine in the State of New York.

6.     I do not have, and have never had privileges at any hospital or health care system in the State of New York.

7.     I do not maintain, and have never maintained, a medical office in the State of New York.

8.     I have never practiced medicine in the State of New York.

9.     I am not employed by any business that operates, maintains its principal place of business or offices, or is incorporated in the State of New York.

10.     I have not entered into any contracts to provide medical care and treatment to residents of the State of New York.

11.     I do not directly solicit any business from residents of the State of New York.

12.     I have never owned, operated or participated in a business that maintains an office, performs services or provides goods in the State of New York.

2

13.    I do not own, lease or use any real estate in the State of New York.

14.    I do not maintain any bank accounts in the State of New York.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: June 4, 2007

Elliott Gagnon, M.D.

# EXHIBIT H

LeCLAIR RYAN, A Professional Corporation
830 Third Avenue
New York, New York 10022
Telephone: (212) 430-8032
Facsimile: (212) 430-8062
Michael T. Conway, Esq. (MC 2224)

      and

LeCLAIR RYAN, A Professional Corporation
Riverfront Plaza, East Tower
951 East Byrd Street
P.O. Box 2499
Richmond, Virginia 23218-2499
Linda B. Georgiadis, Esq.
Paul D. Anders, Esq.
Telephone:     (804) 783-2003
Facsimile:     (804) 783-2294

*Attorneys for Defendants*
*VCU Health System, MCU Hospitals &*
*Physicians d/b/a VCU Medical Center,*
*John M. Kellum, M.D., Aaron Scott, M.D.,*
*Mark Willis, M.D., Norman Bordman, M.D.,*
*Eliot Gagnan, M.D., Andrea Pozez, M.D.,*
*John C. Hogan, M.D., and Michel Aboutanos, M.D.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

DAVID LION,

                         Plaintiff,

              v.

VCU HEALTH SYSTEM, MCU HOSPITALS
& PHYSICIANS d/b/a VCU MEDICAL
CENTER, et al.,

                        Defendants.

------------------------------------------------------------X

Case Number: 07 CV 3129 (SCR)

**DECLARATION OF**
**CHRISTOPHER J. HOGAN, M.D.**
**IN SUPPORT OF MOTION TO DISMISS**

I, Christopher J. Hogan, M.D., being more than 18 years old and competent to testify, declare as follows:

1.      This affidavit is based on my personal knowledge.

2.      I currently reside in the Commonwealth of Virginia.

3.      I am a physician licensed to practice medicine in the Commonwealth of Virginia. I am not, and have never been licensed to practice medicine in the State of New York.

4.      I have been granted privileges to practice medicine at VCU Health System, MCV Hospitals. I do not have, and have never had privileges at any hospital or health care system in the State of New York.

5.      I maintain my medical office in the Commonwealth of Virginia. I do not maintain, and have never maintained, a medical office in the State of New York.

6.      I have never practiced medicine in the State of New York.

7.      I am not employed by any business that operates, maintains its principal place of business or offices, or is incorporated in the State of New York.

8.      I have not entered into any contracts to provide medical care and treatment to residents of the State of New York.

9.      I do not directly solicit any business from residents of the State of New York.

10.     I have never owned or operated a business that maintains an office, performs services or provides goods in the State of New York.

11.     I do not own, lease or use any real estate in the State of New York.

12.     I do not maintain any bank accounts in the State of New York.

2

I declare under penalty of perjury that the foregoing is true and correct.

Dated: June 7, 2007

_____
Christopher J. Hogan, M.D.

# EXHIBIT I

LeCLAIR RYAN, A Professional Corporation
830 Third Avenue
New York, New York 10022
Telephone:  (212) 430-8032
Facsimile:  (212) 430-8062
Michael T. Conway, Esq. (MC 2224)


       and


LeCLAIR RYAN, A Professional Corporation
Riverfront Plaza, East Tower
951 East Byrd Street
P.O. Box 2499
Richmond, Virginia 23218-2499
Linda B. Georgiadis, Esq.
Paul D. Anders, Esq.
Telephone:    (804) 783-2003
Facsimile:    (804) 783-2294

*Attorneys for Defendants*
*VCU Health System, MCU Hospitals &*
*Physicians d/b/a VCU Medical Center,*
*John M. Kellum, M.D., Aaron Scott, M.D.,*
*Mark Willis, M.D., Norman Bordman, M.D.,*
*Eliot Gagnan, M.D., Andrea Pozez, M.D.,*
*John C. Hogan, M.D., and Michel Aboutanos, M.D.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------X

DAVID LION,

                       Plaintiff,

            v.

VCU HEALTH SYSTEM, MCU HOSPITALS
& PHYSICIANS d/b/a VCU MEDICAL
CENTER, et al.,

                    Defendants.

--------------------------------------------------------X

Case Number: 07 CV 3129 (SCR)

**DECLARATION OF**
**MICHEL ABOUTANOS, M.D.**
**IN SUPPORT OF MOTION TO DISMISS**

I, Michel Aboutanos, M.D., being more than 18 years old and competent to testify, declare as follows:

1.    This affidavit is based on my personal knowledge.

2.    Upon information and belief, I believe that I am the individual incorrectly identified by plaintiff in the Complaint as "Michael Aboutanos." My proper name is Michel Aboutanos.

3.    I currently reside in the Commonwealth of Virginia. I have never lived in the State of New York.

4.    I am a physician licensed to practice medicine in the Commonwealth of Virginia. I am not, and have never been licensed to practice medicine in the State of New York.

5.    I have been granted privileges to practice medicine at VCU Health System, MCV Hospitals. I do not have, and have never had, privileges at any hospital or health care system in the State of New York.

6.    I maintain my medical office in the Commonwealth of Virginia. I do not maintain, and have never maintained, a medical office in the State of New York.

7.    I have never practiced medicine in the State of New York.

8.    I am not employed by any business that operates, maintains its principal place of business or offices, or is incorporated in the State of New York.

9.    I have not entered into any contracts to provide medical care and treatment to residents of the State of New York.

10.    I do not directly solicit any business from residents of the State of New York.

11.    I have never owned, operated or participated in a business that maintains an office, performs services or provides goods in the State of New York.

2

12.    I do not own, lease or use any real estate in the State of New York.

13.    I do not maintain any bank accounts in the State of New York.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: June 7, 2007

Michel Aboutanos, M.D.

# EXHIBIT J

LeCLAIR RYAN, A Professional Corporation
830 Third Avenue
New York, New York 10022
Telephone:  (212) 430-8032
Facsimile:  (212) 430-8062
Michael T. Conway, Esq. (MC 2224)

     and

LeCLAIR RYAN, A Professional Corporation
Riverfront Plaza, East Tower
951 East Byrd Street
P.O. Box 2499
Richmond, Virginia 23218-2499
Linda B. Georgiadis, Esq.
Paul D. Anders, Esq.
Telephone:     (804) 783-2003
Facsimile:     (804) 783-2294

*Attorneys for Defendants*
*VCU Health System, MCU Hospitals &*
*Physicians d/b/a VCU Medical Center,*
*John M. Kellum, M.D., Aaron Scott, M.D.,*
*Mark Willis, M.D., Norman Bordman, M.D.,*
*Eliot Gagnan, M.D., Andrea Pozez, M.D.,*
*John C. Hogan, M.D., and Michel Aboutanos, M.D.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------X

DAVID LION,

                       Plaintiff,

         v.

VCU HEALTH SYSTEM, MCU HOSPITALS
& PHYSICIANS d/b/a VCU MEDICAL
CENTER, et al.,

                 Defendants.

-----------------------------------------------------------X

Case Number: 07 CV 3129 (SCR)

**DECLARATION OF**
**ANDREA POZEZ, M.D.**
**IN SUPPORT OF MOTION TO DISMISS**

I, Andrea Pozez, M.D., being more than 18 years old and competent to testify, declare as follows:

1.    This affidavit is based on my personal knowledge.

2.    I currently reside in the Commonwealth of Virginia.

3.    I am a physician licensed to practice medicine in the Commonwealth of Virginia.

4.    I have been granted privileges to practice medicine at VCU Health System, MCV Hospitals.

5.    I maintain my medical office in the Commonwealth of Virginia.

6.    From 1982 to 1987, I completed my general surgery residency at the Mt. Sinai Hospital in New York City. I hold an inactive license to practice medicine in the State of New York.

7.    Since 1987, I have not practiced medicine in the State of New York and have not provided medical treatment, care or other services to anyone in the State of New York.

8.    I am not employed by any business that operates, maintains its principal place of business or offices, or is incorporated in the State of New York.

9.    I do not directly solicit any business from residents of the State of New York.

10.    I have never owned, operated or participated in a business that maintains an office, performs services or provides goods in the State of New York.

11.    I do not own, lease or use any real estate in the State of New York.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: June 4, 2007

_____
Andrea Pozez, M.D.

2

C. Diane Hundley
Commission expires 3/31/10

# EXHIBIT K

LEXSEE 2005 U.S. DIST. LEXIS 20647



Analysis
As of: Jun 10, 2007

JANET SABATINO, Plaintiff, -against- ST. BARNABAS MEDICAL CENTER,
ANTHONY P. MASTRO, M.D, DHARAM MANN, M.D., HANG RAE PARK,
M.D., KEITH FLEISCHMAN, M.D. and ROBERT S. DORIAN, M.D., Defendants.

03 CV 7445 (CSH)

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF
NEW YORK

2005 U.S. Dist. LEXIS 20647

September 19, 2005, Decided
September 20, 2005, Filed

**PRIOR HISTORY:** Sabatino v. St. Barnabas Med. Ctr., 2005 U.S. Dist. LEXIS 930 (S.D.N.Y., Jan. 24, 2005)

**DISPOSITION:**     [*1] Defendants' motion to dismiss for lack of personal jurisdiction in the Southern District of New York granted. Plaintiff's request to transfer this action to the District of New Jersey granted.

**COUNSEL:** For Janet Sabatino, Plaintiff: Christopher Jason Albee, Salzman & Winer, LLP, New York, NY.

For St. Barnabas Medical Center, M.D. Dharam Mann, Defendants: I. Blakeley Johnstone, III, Johnstone, Skok, Loughlin & Lane, New York, NY.

For M.D. Anthony F. Mastro, Defendant: Robert B. Gibson, Heidell, Pittoni, Murphy & Bach, LLP, New York, NY.

For M.D. Hang Rae Park, Defendant: Peter G. Monaghan, Bartlett, McDonough, Bastone and Monaghan, L.L.P., Mineola, NY; Robert Gerard Vizza, Bartlett, Mcdonough, Bastone & Monaghan, Mineola, NY.

For M.D. Keith Fleischman, Robert S. Dorian, M.D., Defendants: Charles S. mSchechter, Martin, Clearwater and Bell, L.L.P., New York, NY.

**JUDGES:** CHARLES S. HAIGHT, JR., SENIOR UNITED STATES DISTRICT JUDGE.

**OPINION BY:** CHARLES S. HAIGHT

**OPINION**

MEMORANDUM OPINION AND ORDER

HAIGHT, Senior District Judge:

This diversity [1] case is before the Court on the motion of defendants Anthony P. Nostro, M.D., H. Rae Pak, D.O., Keith Fleischman, D.O., and Robert S. [*2] Dorian, M.D. (collectively, "defendants"), [2] to dismiss plaintiff Janet Sabatino's case for lack of *in personam* jurisdiction pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure. [3] For the reasons that follow, I conclude that this Court does not have jurisdiction over the person of defendants and I transfer the case to the United States District Court for the District of New Jersey pursuant to 28 U.S.C. § 1631.

1   In my Order of January 24, 2005, I observed "that the requisite complete diversity has been pleaded, and the Court's subject matter jurisdiction is established, at least at the pleading stage." *Sabatino v. St. Barnabas Medical Center,* 2005 U.S. Dist. LEXIS 930, 2005 WL 147368, at *1 (S.D.N.Y. Jan. 24, 2005).

2   The names and titles of the first three defendants were misidentified in the complaint. The correct spellings and titles appear in this opinion.

3   Plaintiff asserts that she has entered into a stipulation with defendants St. Barnabas Medical Center and Dharam Mann, M.D. to discontinue this Southern District of New York action and to refile in the District of New Jersey, with defendants further agreeing to "waive any and all objections with respect to the Statute of Limitations, Personal or Subject Matter Jurisdiction." Plaintiff's Letter to the Court of July 14, 2005; Plaintiff's Affirmation in Opposition, P4. As a result of this stipulation -- and notwithstanding the fact that parties cannot bestow subject matter jurisdiction on a federal district court if it doesn't exist by law -- defendants St. Barnabas and Mann's motion to dismiss is moot, and this Opinion is limited to the motions of defendants Nostro, Pak, Fleischman or Dorian.

[*3] I. Background

On September 23, 2003, plaintiff filed her initial complaint in this Court in which she averred that she suffered injuries as a result of the negligence of defendants during the performance of a surgical procedure. Amended Compl., PP27-35, 47, 59, 71, 84, 95. The surgical procedure in question was performed on May 6, 2002, Plaintiff's Memorandum in Opposition, p. 2, and plaintiff allegedly received continuous care from defendants until June 6, 2002. Compl., PP43, 55, 67, 79, 91.

On December 15, 2004, defendants St. Barnabas and Mann filed their motion to dismiss plaintiff's claim for lack *in personam* jurisdiction, followed by Pak's motion on December 20, and Dorian, Fleischman and Nostro's motions on December 21. Plaintiff filed his opposition papers on July 29, 2005. Defendant Pak filed his reply papers on August 5, and defendants Dorian, Fleischman, and Nostro on August 8. The dispute is now fully ripe for adjudication.

II. Discussion

A. This Court Lacks *In Personam* Jurisdiction Over the Defendants

A district court sitting in a diversity action, such as the case at bar, may exercise personal jurisdiction to the same extent as the courts [*4] of general jurisdiction of the state in which it sits. Fed. R. Civ. P. 4(k)(1)(A); *Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez,* 305 F.3d 120, 124 (2d Cir. 2002). Therefore, "personal jurisdiction over a defendant in a diversity action in the United States District Court for the Southern District of New York is determined by reference to the relevant jurisdictional statutes of the State of New York." *Beacon*

*Enterprises, Inc. v. Menzies,* 715 F.2d 757, 762 (2d Cir. 1983).

Furthermore, on defendants' Rule 12(b)(2) motion to dismiss for want of personal jurisdiction "the plaintiff bears the burden of establishing that the court has jurisdiction over the defendant." *Bank Brussels Lambert,* 171 F.3d at 784; *Distefano v. Carozzi North America, Inc.,* 286 F.3d 81, 84 (2d Cir. 2001). However, "until an evidentiary hearing is held, [plaintiff] need only make a *prima facie* showing by its pleadings and affidavits that jurisdiction exists." *CutCo Indus., Inc. v. Naughton,* 806 F.2d 361, 365 (2d Cir. 1986). Here, not only has plaintiff failed to make such a showing, [*5] she has expressly acknowledged that "admittedly, Plaintiff can find no basis for the Court to exercise personal jurisdiction over the remaining individual defendants." Plaintiff's Letter to the Court of July 14, 2005. [4] Nor can I.

4   *See also* Plaintiff's Reply Memorandum of Law, p. 4 ("As far as the individual defendants, in the absence of additional discovery, apparently [sic] have only minimal contacts with the State of New York.").

New York law provides two means of gaining personal jurisdiction over non-consenting, [5] non-domiciliary [6] defendants who were not served with process while physically present in the forum state, [7] such as the defendants in the case at bar. Neither means is available to plaintiff here.

5   "Where the court has jurisdiction of the subject-matter of an action, consent will confer jurisdiction of the person . . . ." *McCormick v. Pennsylvania Cent. R. Co.,* 49 N.Y. 303, 303 (1872). None of the defendants have expressly or impliedly consented to *in personam* jurisdiction, nor have they waived their right to contest such jurisdiction pursuant to Rule 12(h)(1), Fed. R. Civ. P.

[*6]

6   "The courts of the state can obtain jurisdiction of the persons of those who are domiciled within the state . . . ." *Rawstorne v. Maguire,* 265 N.Y. 204, 207, 192 N.E. 294 (1934). The four individual defendants whose motions are considered herein are each citizens -- that is to say, domiciliaries -- of the State of New Jersey. Nostro Aff., PP1-3; Pak Aff., P7; Fleischman Aff., P3; Dorian Aff., P3.

7   The Supreme Court has held that "personal service upon a physically present defendant sufficed to confer jurisdiction" reasoning that "jurisdiction based on physical presence alone constitutes due process because it is one of the continu-

ing traditions of our legal system that define the due process standard of 'traditional notions of fair play and substantial justice.'" *Burnham v. Superior Court of California, County of Marin*, 495 U.S. 604, 610, 619, 109 L. Ed. 2d 631, 110 S. Ct. 2105 (1990) (quoting *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 90 L. Ed. 95, 66 S. Ct. 154 (1945)). The Affidavits of Service filed with the Clerk of Court on November 19, 2005 indicate that service of process was completed on each defendant while they were physically present within the State of New Jersey.

[*7] Under N.Y. C.P.L.R. § 301 [8] a non-domiciliary may be subject to general [9] personal jurisdiction if he or she is "doing business" in the state. *Wiwa v. Royal Dutch Petroleum Co.*, 226 F.3d 88, 95 (2d Cir. 2000). In order to fall under the ambit of § 301, the defendant must "do[] business in New York 'not occasionally or casually, but with a fair measure of permanence and continuity.'" *Id.* (quoting *Tauza v. Susquehanna Coal Co.*, 220 N.Y. 259, 267, 115 N.E. 915 (1917)); *see also Landoil Resources Corp. v. Alexander & Alexander Servs., Inc.*, 918 F.2d 1039, 1043 (2d Cir.1990) (requiring "continuous, permanent, and substantial activity in New York").

8   N.Y. C.P.L.R. § 301 simply codifies earlier caselaw which incorporated the "doing business" standard. *Hoffritz for Cutlery, Inc. v. Amajac, Ltd.*, 763 F.2d 55, 58 (2d Cir.1985)

9   "When a State exercises personal jurisdiction over a defendant in a suit *not* arising out of or related to the defendant's contacts with the forum, the State has been said to be exercising 'general jurisdiction' over the defendant." *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 415 n.9, 80 L. Ed. 2d 404, 104 S. Ct. 1868 (1984) (emphasis added).

[*8] The evidence on the record makes plain that the non-domiciliary defendants are not subject to the general jurisdiction of New York courts. The four defendant doctors are all licensed to practice *only* in the State of New Jersey and none has ever had an office or been licensed to practice in the State of New York. Fleishman Aff., PP4-6 *in* Schecter Aff., Ex. C; Dorain Aff., PP4-6 *in* Schecter Aff., Ex. D; Nostro Aff., P3 *in* Scherr Aff., Ex. C; Pak Aff. P4 *in* Pak's Memorandum of Law, Ex. A. Nor is there any evidence that they otherwise engaged in any other activity sufficient to subject them to the general jurisdiction of New York courts.

However, lesser contacts with New York state may also be sufficient to bestow specific [10] personal jurisdiction over a non-domiciliary. Pursuant to N.Y. C.P.L.R. §

302, if plaintiff's "cause of action aris[es] from any of the acts enumerated in this section," New York courts shall have jurisdiction over a non-domiciliary defendant who:

> 1. transacts any business within the state or contracts anywhere to supply goods or services in the state; or
>
> 2. commits a tortious act within the state, except as [*9] to a cause of action for defamation of character arising from the act; or
>
> 3. commits a tortious act without the state causing injury to person or property within the state, except as to a cause of action for defamation of character arising from the act, if he (i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce; or
>
> 4. owns, uses or possesses any real property situated within the state.

N.Y. C.P.L.R. § 302 (McKinney's 2001).

> 10   "When a State exercises personal jurisdiction over a defendant in a suit *arising out of or related to* the defendant's contacts with the forum, the State is exercising 'specific jurisdiction' over the defendant." *Helicopteros Nacionales de Colombia, S.A.*, 466 U.S. at 414 n.8 (emphasis added).

[*10] According to the plaintiff, she was injured during the course of a surgical procedure conducted on May 20, 2002 at defendant Saint Barnabas Medical Center, a facility located in Livingston, New Jersey and, like the individual defendant-doctors, which is not licensed or authorized to conduct business in New York. Amended Compl., PP2, 5-6.16-18, 26-35. Plaintiff's entire course of treatment, from pre-surgery examinations through the post-surgery care, was conducted in New Jersey, by doctors licensed to practice only in New Jersey, and at a facility authorized to conduct business only in New Jersey. *Id.* at PP45, 58, 71, 84, 97. In fact, the sole connection between the conduct allegedly causing plaintiff's injury and the State of New York is the fact of plaintiff's status as a domiciliary of New York. The incidence of

2005 U.S. Dist. LEXIS 20647, *

plaintiff's New York citizenship is insufficient to create specific personal jurisdiction on the defendants.

Because the defendants have not "transacted business" within New York, did not commit a tortious act in New York, and do not own property in New York, C.P.L.R. §§ 302(a)(1), (2), and (4) do not authorize jurisdiction. Section 302(a)(3) [*11] in also unavailing because defendants did not "cause injury in person or property within the state." C.P.L.R. § 302(a)(3). "The situs of the injury is the location of the original event which caused the injury, not the location where the resultant damages are subsequently felt by the plaintiff." *Hermann v. Sharon Hosp., Inc.*, 135 A.D.2d 682, 683, 522 N.Y.S.2d 581 (2d Dep't 1987) (citing *McGowan v. Smith*, 52 N.Y.2d 268, 273-74, 419 N.E.2d 321, 437 N.Y.S.2d 643 (1981)). Here, plaintiff acknowledges that the events which she alleges caused her injury occurred entirely in the State of New Jersey.

Based upon the foregoing, I hold that neither of New York's long arm statutes, N.Y. C.P.L.R. §§ 301 or 302, provide for jurisdiction over the defendants in the case at bar, and consequentially this Court is without jurisdiction to adjudicate this dispute. [11]

> 11   Because there is no statutory basis for personal jurisdiction over the defendants, I needn't consider whether the exercise of personal jurisdiction would violate due process. *See International Shoe Co. v. State of Washington*, 326 U.S. 310, 319, 90 L. Ed. 95, 66 S. Ct. 154 (1945); *Hanson v. Denckla*, 357 U.S. 235, 253-54, 2 L. Ed. 2d 1283, 78 S. Ct. 1228 (1958).

[*12]   B. Transfer of this Action Pursuant to 28 U.S.C. § 1631

Acknowledging that this Court likely lacks jurisdiction over this action, plaintiff requests that the action be transferred to the District of New Jersey pursuant to 28 U.S.C. § 1631. That statute provides, in relevant part:

> Whenever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court *shall*, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed or noticed . . . .

28 U.S.C. § 1631 (emphasis added). [12] The Second Circuit has read § 1631 as requiring transfer "unless it is not in the interest of justice to do so." *Paul v. I.N.S.*, 348 F.3d 43, 46 (2d Cir. 2003).

> 12   Based on the language of a 1962 Supreme Court decision, 28 U.S.C. § 1404(a), entitled "Change of Venue," has also been interpreted to provide courts with the authority to transfer a case for want of personal jurisdiction. *See Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 8 L. Ed. 2d 39, 82 S. Ct. 913 (1962). However, § 1631, enacted in 1982, provides express textual authority to transfer cases for want of jurisdiction, and hence is a more appropriate vehicle for such transfers.

[*13]   Here, there is no evidence that plaintiff filed her case in this Court in bad faith: no benefit accrued to plaintiff by so filing, nor did any detriment befall the defendants. Moreover, while plaintiff's case was filed within the relevant statute of limitations of both New York and New Jersey, dismissal at this juncture would prevent plaintiff from re-filing in New Jersey because the action would be time-barred by that State's statute of limitations. *See* N.J. Stat. Ann. § 2A:14-2 (West 2004) ("Every action at law for an injury to the person caused by the wrongful act, neglect or default of any person within this State shall be commenced within 2 years next after the cause of any such action shall have accrued . . . .") In these circumstances, the Second Circuit has observed that "whether a new action filed by the litigant would be barred as untimely is one of the factors . . . militating in favor of transfer. *Id.* at 47 (citing *Liriano v. United States*, 95 F.3d 119 (2d Cir. 1996). For these reasons, I find that it is in the interest of justice to transfer this action to a "court in which the action . . . could have been brought at [*14] the time it was filed or noticed," namely the United States District Court for the District of New Jersey. 28 U.S.C. § 1631.

III. Conclusion

In these circumstances, and based upon the foregoing:

1. Defendants' motion to dismiss for lack of personal jurisdiction in the Southern District of New York is granted.

2. Plaintiff's request to transfer this action to the District of New Jersey is granted.

3. The Clerk is directed to send the case file in the case at bar to the Clerk of the United States District Court for the District of New Jersey, Newark Division, together with a copy of this Opinion and Order.

It is SO ORDERED.

Dated: September 19, 2005

New York, NY

2005 U.S. Dist. LEXIS 20647, *

CHARLES S. HAIGHT, JR.                    SENIOR UNITED STATES DISTRICT JUDGE