UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
───────────────────────────────────

DAVID LION,

                                 Case Number: 07 CV 3129 (SCR)

               Plaintiff,

     v.

VCU HEALTH SYSTEM, MCU HOSPITALS
& PHYSICIANS d/b/a VCU MEDICAL
CENTER, et al.,

              Defendants.

───────────────────────────────────

## MEMORANDUM OF LAW IN SUPPORT OF
## <u>DEFENDANTS' MOTION TO DISMISS COMPLAINT</u>

LECLAIR RYAN, A Professional Corporation
830 Third Avenue, Fifth Floor
New York, New York 10022
Telephone: (212) 430-8020
Facsimile: (212) 430-8079
Michael T. Conway, Esq. (MC 2224)

and

LECLAIR RYAN, A Professional Corporation
951 East Byrd Street
P.O. Box 2499
Richmond, Virginia 23218-2499
(804) 783-2003
Linda B. Georgiadis, Esq.
Paul D. Anders, Esq.

*Attorneys for Defendants VCU Health System, MCU Hospitals &*
*Physicians d/b/a VCU Medical Center, John M. Kellum, M.D., Aaron Scott, M.D.,*
*Mark Willis, M.D., Norman Bordman, M.D., Eliot Ganyon, M.D., Andrea Pozez, M.D.,*
*John C. Hogan, M.D., and Michael Aboutanos, M.D.*

TABLE OF CONTENTS

Table of Contents ............................................................................................. i

Table of Authorities ........................................................................................ iii

Introduction ...................................................................................................... 1

Statement of Allegations and Jurisdictional Facts ........................................... 2

Argument .......................................................................................................... 4

    I.    This Court Does Not Have Subject Matter Litigation Over
        Lion's Claims against Defendant VCU Health System .................. 4

        A.  Lion's Claims Against VCU Health System
            Are Barred By the Eleventh Amendment ................................. 5

        B.  Lion's Claims Are Barred Based On His Failure to
            Cooperate with Va. Code 8.01 – 195.6 ................................... 6

    II.   This Court Cannot Exercise Personal Jurisdiction Over
        VCU Health System and the Defendant Doctors ........................... 7

        A.  New York State Law Does Not Allow for Personal
            Jurisdiction Over VCU Health System and the
            Defendant Doctors .................................................................. 9

            1.  VCU Health System and Defendant Doctors Are
               Not "Doing Business" in New York for Purposes
               Of CPLR § 301 ................................................................ 9

            2.  VCU Health System and Defendant Doctors Do Not
               "Transact Business" in New York for Purposes of
               CPLR § 302(a)(1) ............................................................ 11

            3.  VCU Health System and Defendant Doctors Are Not
               Subject to Personal Jurisdiction in New York Pursuant to
               CPLR § 302(a)(3) ............................................................ 12

        B.  The Exercise of Personal Jurisdiction Over VCU Health System
            And Defendant Doctors Would Offend the Due Process
            Requirements of United States Constitution .............................. 14

    III.  Venue in New York is Improper under 28 U.S.C. §1391(a) ........... 16

IV.     Lion's Complaint Fails to State a Claim as a Matter of Law...........     16

A. Lion's "First Count" Fails to State a Claim for Negligence .............     17

B. Plaintiff Cannot State a Claim for Negligence against VCU
    Health System Based on Sovereign Immunity ................................     17

Conclusion .........................................................................................     19

## TABLE OF AUTHORITIES

**CASES**

*Arrowsmith v. United Press Int'l*, 320 F.2d 219 (2d Cir. 1963) ....................... 8

*Asahi Metal Ind. Co. v. Superior Court*, 480 U.S. 102, 107 S. Ct. 1026 (1987). 15

*Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*,
    305 F.3d 120 (2d Cir. 2002).................................................................. 14

*Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 105 S. Ct. 2174 (1985).......... 14

*Chance v. Armstrong*, 143 F.3d 698 (2d Cir. 1998) ......................................... 16

*Commonwealth v. Coolidge*, 237 Va. 621 (1989).............................................. 5

*Conley v. Gibson*, 355 U.S. 41, 78 S. Ct. 99 (1957) ......................................... 17

*Constantine v. Rectors  & Visitors of George Mason Univ.*,
    411 F.3d 474 (4th Cir. 2005) ..................................................... 6

*Cooper, Robertson & Partners, LLP v. Vail*, 153 F. Supp. 2d 367
    (S.D.N.Y. 2001) ..................................................................................... 12

*Crair v. Brookdale Hosp. Med. Ctr.*, 728 N.E.2d 974, 94 N.Y.2d 524,
    707 N.Y.S.2d 375 (2000)…………………………………………………… 7

*Cutco Indus. V. Naughton*, 806 F. 2d 361 (2d. Cir. 1986)................................ 11

*Duval Steel Products v. M.J. Juraj Dalmatinac*, 718 F. Supp. 159
    (S.D.N.Y. 1989)..................................................................................... 17

*Edelman v. Jordan*, 415 U.S. 651, 94 S. Ct. 1347 (1974) ................................ 5

*Fort Knox Music, Inc. v. Baptiste*, 139 F. Supp. 2d 505 (S.D.N.Y. 2001) ........ 8

*Gupta v. Rubin*, 2001 U.S. Dist. LEXIS 450
    (S.D.N.Y. Jan. 25, 2001)........................................................................ 16

*Halberstam v. Commonwealth*, 251 Va. 248 (1996) ......................................... 6

*Haley v. Virginia Commonwealth Univ.*, 948 F. Supp. 573 (E.D. Va. 1996).... 5

*Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408,
    104 S. Ct. 1868 (1984)…………………………………………………….... 14

*Herer v. Burns*, 577 F. Supp. 762 (W.D. Va. 1984) ........................................... 5

*Hermann v. Sharon Hosp., Inc*., 522 N.Y.S.2d 581, 135 A.D.2d 682
    (2nd Dep't. 1987) ............................................................................ 12

*Hishon v. King & Spalding*, 467 U.S. 69, 104 S. Ct. 2229 (1984) .................... 16

*Ingraham v. Carroll*, 687 N.E.2d 1293, 90 N.Y.2d 592,
    665 N.Y.S.2d 10 (1997) ................................................................. 14

*Insurance Corp. of Ireland, Ltd. v. Compagnie des
    Bauxites de Guinee*, 456 U.S. 694, 102 S. Ct. 2099 (1982) .................. 8

*International Shoe Co. v. Washington*, 326 U.S. 310, 66 S. Ct. 154 (1945) ..... 8, 14

*J.L.B. Equities, Inc. v. Ocwen Fin. Corp*., 131 F. Supp. 2d 544 (S.D.N.Y. 2001) 9

*Jacobs v. Felix Bloch Erben Verlag fur Buhne Film und Funk KG*,
    160 F. Supp. 2d 722 (S.D.N.Y. 2001) ........................................... 9, 11

*James v. Jane*, 221 Va. 43 (1980) ...................................................................... 17

*Jazini v. Nissan Motor Co*., 148 F.2d 181 (2d Cir. 1998) ................................ 7

*Kernan v. Kurz-Hastings, Inc.*, 173 F.3d 236 (2d Cir. 1999) ......................... 14

*Lombard v, Booz-Allen & Hamilton, Inc*., 280 F.3d 209 (2d Cir. 2002) .......... 17

*McConnell v. Adams*, 829 F.2d 1319 (4th Cir. 1987) ...................................... 6

*Melanson v. Commonwealth*, 261 Va. 178 (2001) ........................................... 6

*Merino v. New York City Transit Auth*., 639 N.Y.S.2d 784, 218 A.D.2d 451
    (1st Dep't. 1996) .......................................................................... 17

*Metropolitan Life Ins. Co. v. United Dominion Robertson-Ceco Corp*.,
    84 F.3d 560 (2d Cir. 1996) ...................................................... 7, 14, 15

*Patten v. Commonwealth*, 262 Va. 654 (2001) ................................................ 6, 17

*Rector & Visitors of the Univ. of Va. v. Carter*, 267 Va. 242 (2004) ............... 5, 18

*Reynolds v. Sheriff, City of Richmond*, 574 F. Supp. 90 (E.D. Va. 1983) ......... 6

*Rivera v. Atlantic City Med. Ctr.*, 2006 U.S. Dist.
  LEXIS 15843 (S.D.N.Y. Mar. 30, 2006) ................................................ 13

*Sabatino v. St. Barnabas Med. Ctr.*, 2005 U.S. Dist.
  LEXIS 20647 (S.D.N.Y. Sept. 20, 2005) .............................................. 12

*Standley v. Lyder*, 2001 U.S. Dist. LEXIS 2274
  (S.D.N.Y. 2001) ..................................................................................... 17

*Tigrett v. Rector & Visitors of the Univ. of Va.*, 97 F. Supp. 2d 752
  (W.D. Va. 2000)..................................................................................... 5

*Virginia Elec. & Power Co. v. Hampton Redevelopment &
  Housing Auth.*, 217 Va. 30 (1976) ........................................................ 6

*Wiwa v. Royal Dutch Petroleum Co.*, 226 F.3d 88 (2d Cir. 2000) .................. 9

*World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 100 S. Ct. 559
  (1980)...................................................................................................... 14

## STATUTES AND OTHER AUTHORITY

U.S. Const. Amend. XI ................................................................................ 1, 5

Fed. R. Civ. P. 12(b)(1)............................................................................... 1, 5, 7

Fed. R. Civ. P. 12(b)(2)............................................................................... 1, 8, 15

Fed. R. Civ. P. 12(b)(3)............................................................................... 15, 16

Fed. R. Civ. P. 12(b)(6)............................................................................... *passim*

Fed. R. Civ. P. 4(k)(1)(A) ........................................................................... 8

28 U.S.C. § 1391(a) .................................................................................... 2, 16

28 U.S.C. § 1404(a) .................................................................................... 16

28 U.S.C. § 1406(a) .................................................................................... 16

New York CPLR § 301 ............................................................................... 8, 10

New York CPLR § 302 ............................................................................... 8, 11

New York CPLR § 302(a)(1)....................................................................... 11, 12

New York CPLR § 302(a)(3)............................................................................ 12

New York CPLR § 302(a)(3)(i)........................................................................ 2, 13

New York CPLR § 302(a)(3)(ii)....................................................................... *passim*

Va. Code § 8.01-195.1, et. seq...................................................................... 1

Va. Code § 8.01-195.2 .................................................................................... 6, 17

Va. Code § 8.01-105.3 .................................................................................... 5

Va. Code § 8.01 – 195.6 ................................................................................. 5, 6, 7

Va. Code § 23-50.16:3(A) .............................................................................. 5, 6, 18

Defendants  VCU Health System, MCU Hospitals & Physicians d/b/a/ VCU Medical Centers ("VCU Health System")[1], John M. Kellum, M.D., Aaron Scott, M.D., Mark Willis, M.D., Norman Bordman, M.D.[2], Eliot Ganyon, M.D.,[3] Andrea Pozez, M.D., John C. Hogan, M.D.[4], and Michael Aboutanos, M.D.[5], (collectively, the "Defendant Doctors") submit this memorandum of law in support of their motion to dismiss pursuant to Rules 12 (b)(1), 12(b)(2), 12(b)(3) and 12(b)(6) of the Federal Rules of Civil Procedure.

## INTRODUCTION

On or about April 19, 2007, Plaintiff David Lion ("Lion") filed this lawsuit against VCU Health System and the Defendant Doctors (collectively, "Defendants"), all of whom are located in the Commonwealth of Virginia.  The Complaint purports to allege two claims for negligence arising from the medical care and treatment of Lion by Defendants in Virginia.  This Court lacks subject matter jurisdiction as to VCU Health System because: 1) it cannot be sued in federal court based on the Eleventh Amendment; and 2) Lion failed to comply with the strict notice requirements of the Virginia Tort Claims Act, Va. Code §8.01-195.1, *et seq.*

This Court also lacks personal jurisdiction over Defendants.  The Defendants do not engage in continuous, permanent, and substantial activity in New York to establish general personal jurisdiction.  They also do not transact any business in New York to satisfy New York's long arm statute.  Similarly, they did not commit a tortious act that caused injury in New York

---

[1]  "VCU Health System, MCU Hospitals & Physicians d/b/a/ VCU Medical Center" is a misnomer.  The correct name for this defendant is Virginia Commonwealth University Health System Authority ("VCU Health System").

[2]  "Norman Bordman" is a misnomer.  The correct name for this defendant is N. Douglas Boardman, III.

[3] "Eliot Ganyon" is a misnomer.  The correct name for this defendant is Elliott Gagnon.

[4]  "John C. Hogan" is a misnomer.  The correct name for this defendant is Christopher J. Hogan.

[5]  "Michael Aboutanos" is a misnomer.  The correct name for this defendant is Michel Aboutanos.

and cannot satisfy the remaining factors necessary to find personal jurisdiction pursuant to New York Civil Practice Law & Rules ("CPLR") § 302(3)(i) or (ii).

Venue in this District is improper under 28 U.S.C. §1391(a) because Defendants do not reside in New York.  Plaintiff also has failed to allege sufficient facts to state an actionable claim against Defendants as a matter of law and cannot proceed against VCU Health System based on sovereign immunity.  Accordingly, Defendants are entitled to the dismissal of Lion's Complaint.

### STATEMENT OF ALLEGATIONS AND JURISDICTIONAL FACTS

**A.    Allegations in the Complaint[6]**

Lion alleges that on or about May 1, 2005, he came under the professional care of Defendants. Compl., ¶12.  Lion alleges that each of the Defendant Doctors failed to: a) provide reasonable and proper medical and surgical care; b) make use of available and necessary hospital facilities, laboratory and diagnostic studies; c) take proper cognizance of Lion's physical signs, symptoms and medical history; d) attend to Lion with requisite regularity; e) adequately monitor Lion; f) properly interpret Lion's X-rays; and g) timely diagnose infectious process. Compl., ¶¶15-22.  Lion also alleges that the Defendant Doctors abandoned Lion at all times pertinent to his medical care. *Id.*  With respect to VCU Health System, Lion alleges the same conduct described in (a)-(e), above, but also alleges that VCU Health System failed to: 1) provide reasonable and proper medical and nursing care; 2) supervise its agents, servants and employees; 3) provide proper medical care and treatment; 4) adequately interpret Lion's signs and symptoms; and properly interpret radiological reports. Compl., ¶23.  Lion also alleges that VCU Health System is vicariously liable for the actions of Dr. Kellum. *Id.*

---

[6] A true and correct copy of the Complaint is annexed to the Declaration of Michael T. Conway ("Conway Decl.") as Exhibit "A."

## B.    Jurisdictional Facts

Lion alleges that VCU Health System is a health care facility organized under the law of the State of Virginia and doing business at 1250 E. Marshall Street, Richmond, Virginia. Compl., ¶ 2.  Lion alleges that Drs. Kellum, Scott, Willis, Boardman and Gagnon are citizens of Virginia, maintaining an office at the same address. Compl., ¶¶ 3-7.   Lion does not allege any jurisdictional facts regarding Drs. Pozez, Hogan and Aboutanos.

VCU Health System does not provide medical services in New York, does not own or operate medical, research or educational facilities New York and has no offices, employees, or bank accounts in New York.[7]  VCU Health System does not have any ownership interest in real property located in the State of New York and has not entered into any contracts to provide medical services in the State of New York.   Retchin Decl., ¶¶11, 15.  VCU Health System also does not pay taxes in the State of New York and does not directly solicit business from New York citizens.  *Id.*, ¶¶ 16, 17.

Similarly, with the exception of Dr. Pozez, the Defendant Doctors have no connection with the State of New York.  Each Defendant Doctor presently resides in Virginia.[8]  They have never practiced medicine in New York, been licensed to practice medicine in New York or held any privileges with a New York hospital or health care facility. Kellum Decl., ¶¶3, 4, 6; Scott Decl., ¶¶4, 5, 7; Willis, Decl., ¶¶3, 4, 6; Boardman Decl., ¶¶ 4, 5, 7; Gagnon Decl., ¶¶5, 6, 8;

---

[7] *See* Declaration of Sheldon Retchin, M.D. ("Retchin Decl."), ¶¶ 8-10, 12-14.  This Declaration is attached to the Conway Decl. as Exhibit "B," and incorporated herein by reference.

[8] *See* Declaration of John M. Kellum, M.D. ("Kellum Decl."), ¶2; Declaration of Aaron Scott, M.D. ("Scott Decl."), ¶2; Declaration of Mark Willis, M.D. ("Willis Decl."), ¶2; Declaration of Norman Douglas Boardman, III, M.D. ("Boardman Decl."), ¶3; Declaration of Elliott Gagnon, M.D. ("Gagnon Decl."), ¶3; Declaration of Christopher J. Hogan, M.D. ("Hogan Decl."), ¶2; Declaration of Michel Aboutanos, M.D. ("Aboutanos Decl."), ¶3.  These Declarations are attached to the Conway Decl. as Exhibits "C" through "J" respectively, and are incorporated herein by reference.

Hogan Decl., ¶¶3, 4, 6; Aboutanos Decl., ¶¶4, 5, 7. They do not work for New York companies, do not supply goods or services in New York, or directly solicit business from New York citizens Kellum Decl., ¶¶7, 9, 10; Scott Decl., ¶¶8, 10, 11; Willis, Decl., ¶¶7, 9, 10; Boardman Decl., ¶¶ 8, 10, 11; Gagnon Decl., ¶¶9, 11, 12; Hogan Decl., ¶¶7, 9, 10; Aboutanos Decl., ¶¶8, 10, 11. They do not personally own or have an ownership interest in real estate in New York or maintain bank accounts in the State of New York. Kellum Decl., ¶¶11, 12; Scott Decl., ¶¶12, 13; Willis, Decl., ¶¶11, 12; Boardman Decl., ¶¶ 12, 13; Gagnon Decl., ¶¶13, 14; Hogan Decl., ¶¶11, 12; Aboutanos Decl., ¶¶12, 13.

Dr. Pozez currently resides in Virginia.[9] From 1982 to 1987, Dr. Pozez completed her general surgery residency at Mt. Sinai Hospital in New York. Pozez Decl., ¶6. Since 1987, however, Dr. Pozez has not practiced medicine in the State of New York, has not provided medical care, treatment or services to anyone in New York and has not maintained an active medical license for New York. *Id*., ¶¶6-7. Dr. Pozez does not work for any New York companies, does not supply goods or services in New York, and does not directly solicit business from New York citizens *Id.,* ¶¶8-10. She does not personally own or have an ownership interest in real estate in New York. *Id.*, ¶11.

## ARGUMENT

### I. THIS COURT DOES NOT HAVE SUBJECT MATTER LITIGATION OVER LION'S CLAIMS AGAINST DEFENDANT VCU HEALTH SYSTEM.

This Court lacks subject matter jurisdiction over plaintiff's claims against VCU Health System because: 1) they are prohibited under the Eleventh Amendment; and 2) Lion has failed to

---

[9] *See* Declaration of Andrea Pozez, M.D. ("Pozez Decl."), ¶2 (attached hereto as Exhibit 9, and incorporated herein by reference).

comply with the strict notice requirements of §8.01-195.6 of the Virginia Tort Claims Act. Lion's claims are, therefore, barred and should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1).

**A.    Lion's Claims Against VCU Health System**
**Are Barred By The Eleventh Amendment.**

With certain exceptions, the Eleventh Amendment to the United States Constitution provides a bar to lawsuits brought by citizens in federal court against states that do not consent to such suits. *See Edelman v. Jordan*, 415 U.S. 651, 662-63, 94 S. Ct. 1347, 1355 (1974) ("While the Amendment by its terms does not bar suits against a State by its own citizens, this Court has consistently held that an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State."). *Haley v. Va. Commonwealth Univ.*, 948 F. Supp 573, 577 (E.D. Va. 1996). VCU Health System is an instrumentality of the Commonwealth of Virginia. Va. Code §23-50.16:3(A) (VCU Health System "created as a public body corporate and as a political subdivision of the Commonwealth…and is hereby constituted a public instrumentality, exercising public and essential governmental functions."). Accordingly, VCU Health System is also immune from suit in federal court. *See e.g., Tigrett v. Rector & Visitors of the Univ. of Va.,* 97 F. Supp. 2d 752, 756 (W.D. Va. 2000) (holding that Rectors and Visitors, as an instrumentality of the state, is immune from suit in federal court).[10]

---

[10] The Eleventh Amendment also "bars suits by private parties who seek to impose a liability that must be paid out of the state treasury; thus an 'arm' or 'alter ego' of the state is immune from money damages unless immunity is expressly waived." *Herer v. Burns*, 577 F. Supp. 762, 763 (W.D.Va. 1984) (holding state hospital immune from suit in federal court under the Eleventh Amendment because it is an "arm" of the Commonwealth of Virginia because state funds would pay any judgment). Under the Virginia Tort Claims Act, the Commonwealth pays is financially responsible for the liabilities of its agencies. *See* Va. Code §8.01-195.3; §8.01-195.6; *Rector & Visitors of the Univ. of Va. V. Carter*, 267 Va. 242, 245 (2004) ("agencies are nothing more than administrative divisions of the Commonwealth"). VCU Health System is an "agency" under the Virginia Torts Claims Act. Va. Code §8.01-195.2.

Sovereign immunity can only be waived by express statutory or constitutional provisions. *Patten v. Commonwealth*, 262 Va. 654, 658 (2001); *Virginia Elec. & Power Co. v. Hampton Redevelopment & Hous. Auth.*, 217 Va. 30, 32 (1976); *see Constantine v. Rectors & Visitors of George Mason Univ.*, 411 F.3d 474, 491 (4th Cir. 2005)(stating that Commonwealth could waive immunity as long as the statutory or constitutional provision "explicitly specifies the state's intention to subject itself to suit in federal court."). In 1981, the General Assembly enacted the Virginia Tort Claims Act. The Virginia Tort Claims Act was enacted as an express, limited waiver of the Commonwealth's immunity from tort claims. *Patten* 262 Va. at 658; *Melanson v. Commonwealth*, 261 Va. 178, 181 (2001); *see Commonwealth v. Coolidge*, 237 Va. 621, 623 (1989). The Virginia Tort Claims Act, however, "does not waive the state's [E]leventh [A]mendment immunity." *McConnell v. Adams*, 829 F.2d 1319, 1329 (4th Cir. 1987); *Reynolds v. Sheriff, City of Richmond*, 574 F. Supp. 90, 91 (E.D. Va. 1983).

Accordingly, Lion cannot proceed against VCU Health System and his claims must, therefore, be dismissed.

**B.    Lion's Claims Are Barred Based On His
       Failure To Comply With Va. Code §8.01-195.6.**

Under the Virginia Tort Claims Act, a party seeking to bring a claim against the Commonwealth of Virginia or one of its agencies must first provide written notice of his claim to the Attorney General or the Director of the Division of Risk Management. Va. Code §8.01-195.6 (2006 Cum. Supp.). Strict compliance with the terms of the Act's notice provision is required. *Melanson v. Commonwealth*, 261 Va. at 182-85; *Halberstam v. Commonwealth*, 251 Va. 248, 251 (1996).

VCU Health System is an agency of the Commonwealth of Virginia under the VTCA. Va. Code §8.01-195.2 defines "agency" under the Virginia Tort Claims Act as "any department,

institution, *authority*, *instrumentality*, board or other administrative agency of the government of the Commonwealth of Virginia." (emphasis added). As already demonstrated, VCU Health System is an instrumentality of the Commonwealth. VCU Health System is also an "authority" of the Commonwealth of Virginia. VCU Health System is the short name for the "Virginia Commonwealth University Health System Authority." Retchin Decl., ¶4; Va. Code §23-50.16:3(A). As either an instrumentality or authority, VCU Health System fits the statutory definition of "agency" under the Virginia Tort Claims Act.

Lion has not complied with any of the requirements of Va. Code §8.01-195.6 for the simple reason that he never filed a written statement of his claim with the Director of the Division Risk Management or the Attorney General prior to initiating this litigation. As a result, he similarly has not satisfied any of the other specific requirements set forth in §8.01-195.6. Having failed to satisfy a condition precedent to filing, Lion's claims are barred and should be dismissed. *Crair v. Brookdale Hosp. Med. Ctr.*, 728 N.E.2d 974, 94 N.Y.2d 524, 707 N.Y.S.2d 375 (2000) (affirming New York trial court and appellate court's dismissal of claim against University of Virginia for lack of subject matter jurisdiction on grounds that plaintiff never filed notice of claim as required by Virginia Tort Claims Act as condition precedent to action).[11]

## II.    THIS COURT CANNOT EXERCISE PERSONAL JURISDICTION OVER VCU HEALTH SYSTEM AND THE DEFENDANT DOCTORS.

In this diversity action, the exercise of *in personam* jurisdiction over VCU Health System and the Defendant Doctors is governed by New York state law and the due process requirements of the United States Constitution. *See Metropolitan Life Ins. Co. v. United Dominion Robertson-*

---

[11] Plaintiff's arguments in support of its Rule 12(b)(1) motion are also a sufficient basis for dismissing his claim against VCU Health System pursuant to Fed. R. Civ. P. 12(b)(6).

*Ceco Corp.*, 84 F.3d 560, 567 (2d Cir. 1996) (personal jurisdiction in diversity action governed by state law except to the extent such jurisdiction "'contravenes a constitutional guarantee'") (quoting *Arrowsmith v. United Press Int'l*, 320 F.2d 219, 223 (2d Cir. 1963) (en banc)).  This Court cannot exercise personal jurisdiction over VCU Health System or any of the Defendant Doctors unless they can properly be held to the jurisdiction of a New York state court.  *See* Fed. R. Civ. P. 4(k)(1)(A); *Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 711, 102 S. Ct. 2099, 2108-09 (1982); *Jazini v. Nissan Motor Co.*, 148 F.2d 181, 183-84 (2d Cir. 1998).

At this stage in the litigation, plaintiff bears the burden of establishing a *prima facie* case that jurisdiction exists.  *See Fort Knox Music, Inc. v. Baptiste*, 139 F. Supp. 2d 505, 508 (S.D.N.Y. 2001).  Lion must prove personal jurisdiction either under New York's "general jurisdiction" provision, CPLR § 301, or under one or more of the "specific jurisdiction" subparts of the New York long arm statute, CPLR § 302.  In either case, the exercise of personal jurisdiction must also satisfy the constitutional requirements of due process:  that the defendant has minimum contacts with the jurisdiction and that the exercise of jurisdiction does not offend "traditional notions of fair play and substantial justice."  *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S. Ct. 154, 158 (1945).

As is evident from the face of the Complaint, Lion has not the required factual showing to support this Court's exercise of personal jurisdiction over VCU Health System and any of the Defendant Doctors.  In fact, he cannot do so.  Plaintiff's Complaint should be dismissed, pursuant to Fed. R. Civ. P. 12(b)(2).

**A.**    **New York State Law Does Not Allow For Personal
Jurisdiction Over VCU Health System and the Defendant Doctors.**

1.    New York Health System and Defendant Doctors Are Not
"Doing Business" in New York for Purposes of CPLR § 301.

Section 301 of the CPLR permits the exercise of *in personam* jurisdiction over a foreign

corporation or person that is "doing business" in the state. *See* CPLR § 301 (McKinney 2001);

*Jacobs v. Felix Bloch Erben Verlag fur Buhne Film und Funk KG*, 160 F. Supp. 2d 722, 731

(S.D.N.Y. 2001). The Second Circuit has explained the "doing business" standard by stating that

it "requires a showing of 'continuous, permanent, and substantial activity in New York.'"

*Jacobs*, 160 F. Supp. 2d at 731 (quoting *Wiwa v. Royal Dutch Petroleum Co.*, 226 F.3d 88, 95

(2d Cir. 2000)). In determining jurisdiction under Section 301, New York courts generally

consider the following factors: the existence of an office in New York; the solicitation of

business in New York; the presence of bank accounts and other property in New York; and the

presence of employees or agents in New York *See J.L.B. Equities, Inc. v. Ocwen Fin. Corp.*, 131

F. Supp. 2d 544, 548 (S.D.N.Y. 2001).

Applying these factors here supports the conclusion that neither VCU Health System, nor

any of the Defendant Doctors is subject to general jurisdiction in New York. According to

plaintiff's complaint, VCU Health System is a health care facility organized under the law of the

State of Virginia and doing business in Virginia. Compl., ¶ 2. VCU Health System does not

provide medical services in New York, does not operate medical, educational or research

facilities in New York, has no offices or employees in New York, and does not maintain bank

accounts in New York. *See* Retchin Decl., ¶¶7-10, 12-14. VCU Health System does not own,

operate or lease any real property located in New York and has not entered into any contracts to

provide medical care and treatment in the State of New York. *Id.*, ¶¶11, 15. VCU Health

9

System also does not pay taxes in the State of New York and does not directly solicit business from New York citizens.  *Id.*, ¶¶ 16, 17.

Similarly, the Defendant Doctors, with the exception of Dr. Pozez, have no contact with the State of New York.  According to plaintiff's allegations, the Defendant Doctors are citizens of Virginia, who maintain an office and practice medicine in Virginia.  *See* Compl., ¶3.[12] Defendant Doctors have never practiced medicine in New York, been licensed to practice medicine in New York or held any privileges with a New York hospital or health care facility. Kellum Decl., ¶¶3, 4, 6; Scott Decl., ¶¶4, 5, 7; Willis, Decl., ¶¶3, 4, 6; Boardman Decl., ¶¶ 4, 5, 7; Gagnon Decl., ¶¶5, 6, 8; Hogan Decl., ¶¶3, 4, 6; Aboutanos Decl., ¶¶4, 5, 7.  They do not work for New York companies, do not supply goods or services in New York, or directly solicit business from New York citizens.  Kellum Decl., ¶¶7, 9, 10; Scott Decl., ¶¶8, 10, 11; Willis, Decl., ¶¶7, 9, 10; Boardman Decl., ¶¶ 8, 10, 11; Gagnon Decl., ¶¶9, 11, 12; Hogan Decl., ¶¶7, 9, 10; Aboutanos Decl., ¶¶8, 10, 11.  They do not personally own or have an ownership interest in real estate in New York or maintain bank accounts in the State of New York.  Kellum Decl., ¶¶11, 12; Scott Decl., ¶¶12, 13; Willis, Decl., ¶¶11, 12; Boardman Decl., ¶¶ 12, 13; Gagnon Decl., ¶¶13, 14; Hogan Decl., ¶¶11, 12; Aboutanos Decl., ¶¶12, 13.

Dr. Pozez is the exception only in that from 1982-87, she performed her general surgery residency at Mt. Sinai Hospital in New York City.  Pozez Decl., ¶2.  During that period, she was licensed and practiced medicine in New York.  Since 1987, however, Dr. Pozez has not practiced medicine in the State of New York, has not provided medical treatment, care or other services to anyone in the State of New York and does not maintain an active license to practice medicine in

---

[12] In his Complaint, Plaintiff fails to allege <u>any</u> jurisdictional facts whatsoever regarding Drs. Pozez, Aboutanos and Hogan, and therefore, has not stated a *prima facie* case that personal jurisdiction exists over these Defendants.  Accordingly, Drs. Pozez, Aboutanos and Hogan should be dismissed from this case.

New York.  *Id.*, ¶¶6, 7.  She currently is licensed to practice medicine in Virginia, maintains her business office in Virginia and has been granted privileges to provide medical care and treatment by VCU Health System, MCV Hospitals.  *Id.*, ¶¶3-5.  Dr. Pozez does not own, operate or lease any real estate in the State of New York.  *Id.,* ¶11.

As indicated by plaintiff's own allegations and the attached declarations of Defendants, neither VCU Health System, nor any of the Defendant Doctors has engaged in "continuous, permanent, and substantial activity" in New York so as to confer this Court with personal jurisdiction under Section 301.  *See Jacobs*, 160 F. Supp. 2d at 731.

2.   VCU Health System and Defendant Doctors Do Not
"Transact Business" in New York for Purposes of CPLR § 302(a)(1).

Relevant to the claims asserted, long-arm jurisdiction under Section 302 of the CPLR requires that the defendant transact business in New York, either directly or through an agent. Specifically, Section 302(a)(1) permits New York courts to "exercise personal jurisdiction over any non-domiciliary . . . who in person or through an agent transacts any business within the state or contracts anywhere to supply goods or services in the state."  CPLR § 302(a)(1) (McKinney 2001).  This requirement establishes a lower threshold of activity than is required for general jurisdiction, but "the claim against the nondomiciliary must arise out of the business activity" that allegedly creates jurisdiction.  *Cutco Indus.. Inc. v. Naughton*, 806 F.2d 361, 365 (2d Cir. 1986). "[A]n 'articulable nexus between the business transacted and the cause of action sued upon' is essential."  *Id.*

Here, this requirement has not been satisfied for the simple reason that Lion has not alleged any facts that would support a basis for jurisdiction in New York.  Furthermore, neither VCU Health System, nor any of the Defendant Doctors provide medical care and treatment in the State of New York, and Lion's claim does not arise out of any business activities conducted in

New York. *See* Retchin Decl., ¶12; Kellum Decl., ¶¶6, 8; Scott Decl., ¶¶7, 9; Willis, Decl., ¶¶6, 8; Boardman Decl., ¶¶7, 9, 11; Gagnon Decl., ¶¶8,10; Hogan Decl., ¶¶6, 8; Aboutanos Decl., ¶¶7, 9; Pozez Decl., ¶7; Compl., ¶¶2-7.  Defendants, therefore, have not "purposely avail[ed] itself of the privilege of conducting business within the forum State." *Cooper, Robertson & Partners, LLP v. Vail*, 153 F. Supp. 2d 367, 370 (S.D.N.Y. 2001) (internal quotations omitted). This Court cannot exercise personal jurisdiction under CPLR §302(a)(1).

      3.    <u>VCU Health System and Defendant Doctors Are Not Subject to<br>Personal Jurisdiction in New York Pursuant to CPLR § 302(a)(3).</u>

        Pursuant to Section 302(a)(3) of the CPLR, personal jurisdiction can be exercised over any Defendant who "commits a tortious act without the state causing injury to person or property within the state... if he:

> (i) regularly does or solicits business, or engages in any other persistent course of conduct, or drives substantial revenue from goods used or consumed or services rendered, in the state, or
>
> (ii)  expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce.

NY CPLR §302(a)(3) (McKinney 2001).  Personal jurisdiction pursuant to CPLR §302(a)(3) does not exist for three reasons.

        First, none of the Defendants committed "a tortious act [in Virginia] causing injury to person or property [in New York]."  According to New York law, the situs of the injury is the location of the original event which caused the injury, not the location where the resultant damages are subsequently felt by the plaintiff.  *Sabatino v. St. Barnabas Med. Ctr.*, 2005 U.S. Dist. LEXIS 20647, *10-11 (S.D.N.Y. Sept. 20, 2005) (quoting *Hermann v. Sharon Hosp., Inc.*, 522 N.Y.S.2d 581, 582-83, 135 A.D.2d 682, 683 (2nd Dep't. 1987) (attached to the Conway Decl. as Exhibit "K").  According to the Complaint, Defendants allegedly committed their

negligent acts while Lion was under their professional care in Virginia.  Compl., ¶¶2-7, 11, 12,

14.  The situs of the injury is, therefore, Virginia.  Lion does not allege otherwise.

Second, for the reasons set forth in Section II.A.1 and II.A.2 of this memorandum, none

of the Defendants "regularly does or solicits business, engages in any other persistent conduct or

derives substantial revenue from goods used or consumed or services rendered" in New York.

Thus, a finding of personal jurisdiction cannot be based on CPLR §302(a)(3)(i).

Third, assuming only for purposes of this motion that, according to the first prong of

CPLR §302(a)(3)(ii), Defendants should have reasonably expected their treatment of Lion to

have consequences in New York, the second prong cannot be satisfied, because Defendants do

not derive "substantial revenue from interstate or international commerce."   A health care

provider who provides medical services wholly within his own State, does not engage in

"interstate commerce" under CPLR §302(a)(3)(ii).  *Rivera v. Atlantic City Med. Ctr.*, 2006 U.S.

Dist. LEXIS 15843, *5 (S.D.N.Y. Mar. 30, 2006) (attached to the Conway Decl. as Exhibit "L").

As the court in *Rivera* explained:

> [s]ince the question concerns the interpretation of a New York statute, [the] ruling by
> New York's highest court is controlling.  Here, as in *Ingraham*, plaintiff Rivera was
> treated by a New Jersey hospital in New Jersey.  Like the physician in *Ingraham*,
> ACMC was aware that plaintiff was from New York and would return there to suffer
> the consequences of any malpractice committed by ACMC, and indeed it can be
> assumed (as plaintiff alleges) that ACMC, like the physician in *Ingraham*, had
> "frequent" occasion to treat New York or other out-of-state patients who were visiting
> the area to take advantage of the tourist attractions of Atlantic City.  *But for purposes
> of New York's long-arm statute, "the diversity of a physician's pool of patients,
> without more, cannot convert an otherwise local practice to an interstate business
> activity," and the treatment even of out-of-state patients in a local facility is
> "inherently personal, and local, in nature," and does not satisfy the "interstate
> commerce" requirement of section 302(a)(3)(ii).*

*Rivera*, 2006 U.S. Dist. LEXIS at *6-7 (relying upon *Ingraham v. Carroll*, 683 N.E. 2d 1293, 90 N.Y.2d 592, 665 N.Y.S. 2d 10 (1997)) (emphasis added). A finding of personal jurisdiction, based on CPLR §302(a)(3)(ii), is not justified.

In sum, New York State has no meaningful connection with Defendants or the events complained of by Lion.

**B.    The Exercise of Personal Jurisdiction Over VCU Health System and Defendant Doctors Would Offend the Due Process Requirements of United States Constitution.**

In addition to failing the requirements of New York's jurisdictional statutes, an exercise of personal jurisdiction over VCU Health System and Defendant Doctors would not comport with constitutional due process because none of the Defendants has the requisite "minimum contacts" with New York. *See World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297, 100 S. Ct. 559, 567 (1980) (due process requires that defendant "purposely avails" itself of the privilege and protection of forum state law); *Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 305 F.3d 120, 128 (2d Cir. 2002) (minimum contacts cannot be created by "'unilateral activity of another party or third person'") (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475, 105 S. Ct. 2174, 2184 (1985)).[13] Due process ultimately asks whether the exercise of jurisdiction would "comport[ ] with 'traditional notions of fair play and substantial justice' – that is, whether it is reasonable under the circumstances of the particular case."

---

[13] As with jurisdiction under New York law, the "minimum contacts" required to satisfy federal due process vary in substance and nature with the distinction made between "specific" jurisdiction and "general" jurisdiction. *Metropolitan Life Ins. Co.*, 84 F.3d at 567-68. When specific jurisdiction is claimed, the plaintiff must show that its cause of action arises from defendant's forum contacts. *See Kernan v. Kurz-Hastings, Inc.*, 173 F.3d 236, 242 (2d Cir. 1999) (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414, 104 S. Ct. 1868, 1872 (1984)). The minimum contacts required when general jurisdiction is at issue must be shown to be "'continuous and systematic general business contacts.'" *Metropolitan Life Ins. Co.*, 84 F.3d at 568 (quoting *Helicopteros Nacionales de Colombia, S.A.*, 466 U.S. at 414, 104 S. Ct. at 1872).

*Metropolitan Life Ins. Co.*, 84 F.3d at 568 (citing *International Shoe*, 326 U.S. at 316, 66 S. Ct. at 158).[14] Neither VCU Health System nor Defendant Doctors has purposefully established any individual contacts with the State of New York sufficient to subject either to general or specific jurisdiction, and the assertion of such jurisdiction violates due process.

VCU Health System does not own or operate medical, research or educational facilities in the State of New York, has no offices, employees, or bank accounts in New York and owns no property in New York. Indeed, VCU Health System does not operate in any manner in the State of New York. Likewise, Defendant Doctors are either not licensed, or not actively licensed, to practice medicine in New York, do not practice medicine in New York, and do not hold privileges at any New York hospital or health care facility. They do not live in New York, or own property in New York. They also do not work for New York companies, do not supply goods or services in New York, or directly solicit business from New York citizens Furthermore, Lion's claim is not based on any alleged activity of the Defendants in the State of New York.

In short, the exercise of jurisdiction over either VCU Health System or the Defendant Doctors, or both is inappropriate under widely accepted constitutional standards. Plaintiff's Complaint should, therefore, be dismissed pursuant to Fed. R. Civ. P. 12(b)(2).

---

[14] Whether jurisdiction is reasonable in a given case depends upon "(1) the burden that the exercise of jurisdiction will impose on the defendant; (2) the interests of the forum state in adjudicating the case; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of the controversy; and (5) the shared interest of the states in furthering substantive social policies." *Metropolitan Life Ins. Co.*, 84 F.3d at 568 (citing *Asahi Metal Ind. Co. v. Superior Court*, 480 U.S. 102, 113-14, 107 S. Ct. 1026, 1033 (1987)).

## III.    <u>VENUE IN NEW YORK IS IMPROPER UNDER 28 U.S.C. §1391(a).</u>

In addition to the Complaint's numerous jurisdictional defects, venue does not properly lie in this District under 28 U.S.C. §1391(a).  Section §1391(a) states that an action based on diversity jurisdiction may be brought *only* in the judicial district a) where any *defendant* (not plaintiff) resides; 2) where a substantial part of the events giving rise to a claim occurred; or 3) where any defendant is subject to personal jurisdiction, if there is no other district in which the action may be brought.  As noted earlier, none of the Defendants resides in New York, or is subject to personal jurisdiction in New York.  Furthermore, none of the events allegedly giving rise to Lion's claim occurred in this District.  Plaintiff's contention that, under §1391(a), venue is proper in the Southern District of New York, because "plaintiff resides in this district" is patently absurd.

This litigation should, therefore, be dismissed pursuant to Fed. R. Civ. P. 12(b)(3).  *See also* 28 U.S.C. §1406(a).[15]

## IV.    <u>LION'S COMPLAINT FAILS TO STATE A CLAIM AS A MATTER OF LAW.</u>

Notwithstanding the fatal jurisdictional and procedural flaws set forth above, Plaintiff's Complaint is also legally defective and should be dismissed pursuant to Fed R. Civ. P. 12(b)(6) for failing to state a claim upon which relief can be granted.

A motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) tests the legal sufficiency of a complaint.  "The issue is not whether a plaintiff is likely to prevail ultimately, but whether the claimant is entitled to offer evidence to support the claims." *Chance v. Armstrong*, 143 F.3d 698, 701 (2d Cir. 1998).  The motion should be granted "only if it is clear that no relief could be granted under any set of facts consistent with the allegations." *Hishon v. King & Spalding*, 467

---

[15] Defendants reserve the right to seek a transfer of venue to the Eastern District of Virginia, pursuant to 28 U.S.C. §§1404(a) and 1406(a) in the event this matter is not dismissed.

U.S. 69, 104 S. Ct. 2229 (1984) (citing *Conley v. Gib*son, 355 U.S. 41, 45-46, 78 S. Ct. 99, 102 (1957)).

**A.    Lion's "First Count" Fails To State a Claim for Negligence.**

Lion's "First Count" purports to state a claim for negligence.  Compl., ¶14.  Under New York law, the elements of a negligence claim are: (i) a duty owed to the plaintiff by the defendant; (ii) breach of that duty; and (iii) injury substantially caused by that breach. *Lombard v. Booz-Allen & Hamilton, Inc*., 280 F.3d 209 (2d Cir. 2002) (citing *Merino v. New York City Transit Auth*., 639 N.Y.S.2d 784, 787, 218 A.D.2d 451, 456-57 (1st Dep't. 1996)). Plaintiff fails, in his First Count, to allege facts necessary to plead the essential elements for a negligence claim. Although he alleges the first two elements for a claim of negligence, he fails to allege the essential elements of causation and injury.  Lion's defective "First Count" must, therefore, be dismissed. *See Standley v. Lyder*, 2001 U.S. Dist. LEXIS 2274, *5 (S.D.N.Y. Mar. 7, 2001) ("The court can dismiss the claim only if, assuming all facts alleged to be true, the plaintiff still fails to plead the basic elements of a cause of action.") (attached to the Conway Decl. as Exhibit "M"); *Gupta v. Rubin*, 2001 U.S. Dist. LEXIS 450, *16 (S.D.N.Y. Jan.25, 2001) (same) (attached to the Conway Decl. as Exhibit "N").

**B.    Plaintiff Cannot State A Claim For Negligence**
**Against VCU Health System Based On Sovereign Immunity.**

Plaintiff's Complaint must be dismissed as to VCU Health System based on the doctrine of sovereign immunity. The Supreme Court of Virginia has held: "Absent an express statutory or constitutional provision waiving sovereign, the Commonwealth and its agencies are immune from liability for the tortious acts or omissions of their agents and employees.  *Patten v. Commonwealth*, 262 Va. at 658 (2001).  The Virginia Tort Claims Act is an express, limited

waiver of the Commonwealth's immunity from tort claims. *Id.* Because the Act is a statute in derogation of the common law, its limited waiver will be strictly construed. *Id.*

As explained earlier, VCU Health System is an "agency" of the Commonwealth of Virginia for purposes of the Virginia Tort Claims Act. *See* Va. Code §§23-50.16:3(A), 8.01-195.2 (definition of agency under the Virginia Tort Claims Act includes both "authority" and "instrumentality"). The Virginia Tort Claims Act contains no express provision waiving sovereign immunity for agencies of the Commonwealth. *Rector & Visitors of the Univ. of Va. v. Carter*, 267 Va. 242, 245 (2004). Absent such waiver, VCU Health System is entitled to the sovereign immunity granted to the Commonwealth under the common law. *James v. Jane*, 221 Va. 43, 51 (1980). Accordingly, Lion's claim against VCU Health System must be dismissed.[16]

---

[16]Although the doctrine of sovereign immunity also applies to certain of the Defendant Doctors, dismissal of Lion's claim on these grounds, pursuant to Fed. R. Civ. P. 12(b)(6), would not be appropriate at this time, based only on the allegations in the Complaint. Defendants reserve the right to seek the dismissal of Lion's claims based on sovereign immunity at a later date.

## CONCLUSION

For all of the reasons stated above, VCU Health System and Defendant Doctors are entitled to the dismissal of the Complaint, pursuant Fed. R. Civ. P. 12(b)(1), 12(b)(2), 12(b)(3) and 12(b)(6).[17]

Dated: New York, New York
       June 15, 2007

                          LECLAIR RYAN, a Professional Corporation

                          By:    /s/  Michael T. Conway
                                 Michael Conway, Esq. (MC 2224)
                                 950 Third Avenue
                                 New York, NY  10022
                                 Phone:  212-758-9300
                                 Fax:  212-888-0919

                                     and

                                 Linda B. Georgiadis, Esq.
                                 Paul D. Anders, Esq.
                                 Riverfront Plaza, East Tower
                                 951 East Byrd Street
                                 P.O. 2499
                                 Richmond, VA 23218-2499
                                 Phone: (804) 783-2003
                                 Fax: (804) 783-2994
                                 *Attorneys for Defendants VCU Health System,*
                                 *MCU Hospitals &Physicians d/b/a VCU Medical*
                                 *Center, John M. Kellum, M.D., Aaron Scott, M.D.,*
                                 *Mark Willis, M.D., Norman Bordman, M.D., Eliot*
                                 *Ganyon, M.D., Andrea Pozez, M.D., John C.*
                                 *Hogan, M.D., and Michael Aboutanos, M.D.*

---

[17] Lion should not be permitted to conduct any discovery prior to the Court's ruling on this motion. Jurisdictional discovery is inappropriate, where, as in this case, the plaintiff has failed to alleged facts from which a court properly could infer the existence of jurisdiction. *See Duval Steel Products v. M.J. Juraj Dalmatinac*, 718 F. Supp. 159, 162 (S.D.N.Y. 1989).

## <u>CERTIFICATE OF SERVICE</u>

I, MICHAEL T. CONWAY, an attorney duly admitted to the practice of law in this state, certify the following to be true under the penalties of perjury:  on June 15, 2007, I served the within MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS COMPLAINT on the parties listed below by depositing one true copy of said paper to the addresses listed below, enclosed in a postpaid properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York.

> Arlen S. Yalkut, Esq.
> Yalkut & Israel
> 865B Walton Avenue
> Bronx, New York 10451

Dated: New York, New York
      June 15, 2007

> /s/  Michael T. Conway
> Michael T. Conway

20