YALKUT  & ISRAEL, ESQS.
865-B  Walton Avenue
Bronx, New York   10451
Telephone:  (718)  292-2952
Facsimile: (718) 993-1542
Arlen S.  Yalkut, Esq.  (  AY 1522)


UNITED STATES  DISTRICT  COURT
SOUTHERN  DISTRICT OF NEW YORK

---

DAVID LION,

                                 Case Number: 07 CV 3129 (SCR)

            Plaintiff,


      v.                               AFFIRMATION IN OPPOSITION
                                        TO MOTION TO  DISMISS
                                        COMPLAINT

VCU HEALTH SYSTEM, MCU HOSPITALS
& PHYSICIANS  d/b/a  VCU MEDICAL
CENTER, et al.,

            Defendants.

---

    ARLEN S. YALKUT, pursuant  to  28  U.S.C.  Section 1746, declares as  follows:

    1. I am a partner in  the firm of  Yalkut  &   Israel, Esqs.,   Counsel   for   the

Plaintiff  David  Lion in the  above-captioned  matter. I respectfully  submit  this Declaration

of  my own personal knowledge in opposition   to   the   Defendants' motion  to  dismiss

the   Complaint  against  the   Defendants.

    2.  This  case involved  allegations  of  negligence and  medical  malpractice

allegedly  committed  by  the Defendants, jointly  and individually, on or  about

May  5,  2005  while  the Plaintiff, DAVID LION,  was  a patient  at  VCU HEALTH

SYSTEM, MCU HOSPITALS & PHYSICIANS  d/b/a VCU MEDICAL CENTER.

3. While at the VCU MEDICAL CENTER, the Plaintiff, DAVID LION, was attended by numerous doctors and physicians including the Defendants JOHN M. KELLUM, M.D., AARON SCOTT, M.D., MARK C. WILLIS, M.D., CHRISTOPHER J. HOGAN, M.D. ( Sued herein as JOHN C. HOGAN ), MICHEL ABOUTANOS, M.D., ANDREA POZEZ, M.D. as well as possibly NORMAN BOARDMAN, M.D. and ELLIOTT GANYON, M.D.

4. My review of the Declarations submitted by the Defendants as Exhibits C , D, E, F, G, H, I and J, indicate that Drs. Kellum, Willis, Boardman, Hogan, Aboutanos and Pozez are doctors licensed in Virginia who have been " granted privileges" at VCU MEDICAL CENTER, and who are not employees of the Defendant VCU MEDICAL CENTER.

5. Each of the Defendants in this matter were served with the Summons and Complaint by a Deputy Sheriff from Richmond Virginia in accordance with both Virginia State Law and the Federal Rules. ( see annexed the Affidavits of Service annexed hereto as Exhibit 1).

6. This action was commenced within the two ( 2 ) year Statute of Limitations applicable to medical malpractice cases in the State of Virginia.

7. The Plaintiff, at all times applicable, was and still is a resident of the State of New York.

8. Based upon the Declarations of each of the Defendants as well as fact that the Plaintiff is a citizen and resident of the State of New York there exists complete Diversity of Citizenship as between the Defendants and the

Plaintiffs herein.

9. When the Plaintiff DAVID LION retained as counsel he set forth the history as set forth in the annexed affidavit. ( See annexed the Affidavit of David Lion.) Based upon the stated facts, as well as my offices direct telephone inquiry to the VCU Health System we were advised that as of several years ago that the VCU Health System, MCU Hospitals & Physicians was an an entity separate and apart from the Commonwealth of Virginia and not a public hospital. This inquiry was made specifically because Mr. Lion did not come to us until over eighteen months after the occurrence.

10. The Defendant VCU MEDICAL CENTER, was sued under the name VCU HEALTH SYSTEM, MCU HOSPITALS & PHYSICIANS because of the Defendant VCU MEDICAL CENTER's hospital records refer to itself by the latter name. ( See the Discharge Report appended to David Lion's Affidavit).

11. Defendants' Counsel now assert that the Defendant VCU MEDICAL CENTER is not subject to this lawsuit because this Court lacks subject matter jurisdiction over that Defendant because of the Eleventh Amendment of the United States Constitution and because Mr. Lion failed to comply with the strict notice requirements of Section 8.01-195.6 of the Virginia Tort Claims Act which requires that a notice of claim be served within one (1) year after the occurrence which gave rise to the Claim. Admittedly, David Lion did not serve the required notice of claim and the Plaintiff concedes that on that basis his Claim against the Defendant VCU MEDICAL

CENTER is subject to dismissal pursuant to Fed. R. Civ. P. 12 (b) (1).

12. As set forth in the Defendants' Exhibits C, D, E, F, G, H, I and J, the Defendants KELLUM, WILLIS, BOARDMAN, ABOUTANOS and POZEZ are all licensed physicians in the Commonwealth of Virginia who, while having privileges at Defendant VCU MEDICAL CENTER maintain their own independent practices and are independent contractors subject to suit for their own acts.. There is no claim by these Defendants that they are not subject to a lawsuit because of a lack of a notice of claim.

13. Defendants AARON SCOTT and ELLIOTT GAGNON appear to be resident physicians and as such employees of the Defendant VCU MEDICAL CENTER at the time of the occurrences involved in this case. As such the Plaintiff concedes that they are immune from this lawsuit and that dismissal as to them is proper.

13. The applicable Statute of Limitations for the commencement of a medical malpractice action in the Commonwealth of Virginia is two (2) years. Va. Code 8.01-243. This action based on diversity of citizenship was commenced by for the filing of the Summons and Complaint well within the two year period of repose. Service upon the Defendants was made by a Deputy Sheriff in Virginia.

14. Clearly, if this action had been commenced in the Eastern District of Virginia then the Defendants KELLEM, WILLIS, BOARDMAN, ABOUTANOS and POZEZ could not properly raise an issue of *in personam* jurisdiction.

15. At the time of the commencement of this action, it was believed that the Defendants would be subject to the New York long arm statute

CPLR  Section 302 (3) (I) and (ii).

16. The  website  maintained  by  the  Defendant  VCU  MEDICAL CENTER indicated  that  its  purpose  "  to  serve  the  people  of  the  Commonwealth  and  the nation." VCU  is  represented  as a member of Oak  Ridge  Associated Universities (ORAU),  which  is  a  consortium  of  87   Colleges  and  universities  and  a "contractor   For  the  U.S. Department of  Energy ( DOE)"  located  in  Oak Ridge, Tennessee. While  the  published  financial  data  concerning  the  Defendant  VCU MEDICAL  CENTER are  not  fully  itemized  assets  are  listed  as of July 1, 2000 at $554,010,554.00. This  sum  is  certainly  suggestive  that  its  income  derives from  sources  than that  derived  from  performing its  services  solely  for the benefit  of  the  people  of  central  Virginia.

17. However,  it  is now  conceded  that  the  Defendant  VCU MEDICAL CENTER is  immune  from  this  lawsuit  for reasons  already  addressed  in paragraph 11  above,  the  Plaintiff  DAVID  LION  should  not  be  deprived  on his  day  in  court  against  Defendants  KELLUM, WILLIS  BOARDMAN, ABOUTANOS and POZEZ,  who are  not  immune  from  the  prosecution  of  a medical  malpractice case.

18. It  is  respectfully  urged  that  this  Court, rather  than  dismiss  this action as  against  these  remaining  Defendants,  transfer  this case to the  appropriate Federal  Court which  in  this  case is  the  Eastern  District  of  Virginia.  This is appropriate  because  none  of  the  remaining  Defendants  are  prejudiced by  such a  transfer.  On  the  other hand,  the  Plaintiff,  if  this  case  were dismissed  would  be  faced  with  the  situation that the  two  year  Statute  of

Limitations might be deemed to have run. In that event, the Plaintiff's meritorious lawsuit would be forfeited even though this action was commenced in a timely fashion and in good faith.

19. Additionally, the Complaint taken as a whole sets forth a valid cause of action in medical malpractice on a *prima facie* basis. Every element of such malpractice is set forth. Counsel for the Defendants raises an argument which ir really addressed to style rather content. Paragraphs 1 through 28 taken as a whole set forth a cause of action in medical malpractice. Each of the three elements referred to at page 17 of the Defendant's Memorandum of Law are set forth. The Complaint contains only one prayer for relief and only one cause of action is stated..

20. Even if the Defendant's Point IV (A) were deemed meritorious, the "Second Count" of the Complaint which incorporates the " First Count" and thereafter clearly supplies the third element, i.e. the injury caused by the breach. Therefore, it is inappropriate to dismiss the Complaint on that ground.

21. For all of the foregoing reasons, as well as the arguments set forth in the accompanying memorandum, the Defendants' Motion seeking to dismiss the Complaint should be denied as against the Defendants Kellum, Willis, Boardman, Aboutanos and Pozez and the matter transferred to the appropriate district, the Eastern District of Virginia in the interest of justice for further proceedings , pursuant to 28 U.S.C. 1631.

WHEREFORE, the Defendants' motion seeking to dismiss the action should be denied as against the Defendants Kellum, Willis, Boardman,

Aboutanos and Pozez and the matter transferred to the appropriate District, the Eastern District of Virginia, in the interest of justice, for further proceedings.

Affirmed    July  27, 2007

ARLEN S.  YALKUT ( AY1522)

# EXHIBIT 1



**Richmond City Sheriff's Office**
**LL-1, John Marshall Courts Building**
**Richmond, Virginia 23219**

**Civil Process Section**
400 N. 9th Street
Telephone (804) 646-6600

### SHERIFF'S OFFICE

<u>AFFIDAVIT OF SERVICE</u>

Being duly sworn and authorized to make service as provided by the Code of the Commonwealth of Virginia, by my signature subscribed below I do hereby certify that I executed a true copy of the within <u>Summons And Complain</u> , in the following manner and on the date so indicated:

( X )     Served in person

( )     Registered agent

( )     Served on the person or officer found to be in charge

( )     Posted service (only if authorized)

( )     Member of Family (Resident)

( )     Not found (Explain):

| DESCRIPTION OF PERSON SERVE | | | | |
|---|---|---|---|---|
| NAME<br>John M. Kellum M.D | RACE | SEX | DOB (OR APPX. AGE) | SSN |
| STREET ADDRESS<br>1250 E. Marshall St | HGT | WGT | EYES | HAIR |

_Signature of Affiant_                              5/21/07
                                                    Date

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

### AFFIDAVIT

## COMMONWEALTH OF VIRGINIA

DEP,. R. THOMPSON

_Before me personally appeared the said_ _____ _who says_
_that he/she executed the above instrument in the above manner and on the date indicated._

_Sworn to and subscribed in my presence this_ ___21st___ _day of_ ___MAY___ _, 20___07___

_My commission expires_ ___JUNE30, 2010___

_Signature of Notary_



**Richmond City Sheriff's Office**
LL-1, John Marshall Courts Building
Richmond, Virginia 23219

Civil Process Section
400 N. 9th Street
Telephone (804) 646-6600

### SHERIFF'S OFFICE

#### AFFIDAVIT OF SERVICE

Being duly worn and authorized to make service as provided by the Code of the Commonwealth of Virginia, by my signature subscribed below I do hereby certify that I executed a true copy of the within <u>Summons And Complain</u> , in the following manner and on the date so indicated:

( X )  Served in person

(  )  Registered agent

(  )  Served on the person or officer found to be in charge

(  )  Posted service (only if authorized)

(  )  Member of Family (Resident)

(  )  Not found (Explain):

| DESCRIPTION OF PERSON SERVE | | | | |
|---|---|---|---|---|
| NAME<br>Aaron Scott M.D. | RACE | SEX | DOB (OR APPX. AGE) | SSN |
| STREET ADDRESS<br>1250 East Marshall St. | HGT | WGT | EYES | HAIR |

_Signature of Affiant_                     5/21/07
                                              Date

....................................................................................

### AFFIDAVIT

## COMMONWEALTH OF VIRGINIA

_Before me personnally appeared the said_   DEP. R. THOMPSON                    _who says_
_that he/she executed the above instrument in the above manner and on the date indicated._

_Sworn to and subscribed in my presence this_  21st _day of_  MAY                    , 2007

_My commission expires_   JUNE 30, 2010

_Signature of Notary_



**Richmond City Sheriff's Office**
**LL-1, John Marshall Courts Building**
**Richmond, Virginia 23219**

Civil Process Section
400 N. 9th Street
Telephone (804) 646-6600

### SHERIFF'S OFFICE

#### AFFIDAVIT OF SERVICE

Being duly worn and authorized to make service as provided by the Code of the Commonwealth of Virginia, by my signature subscribed below I do hereby certify that I executed a true copy of the within <u>Summons And Complain</u> , in the following manner and on the date so indicated:

(X )    Served in person

(  )    Registered agent

(  )    Served on the person or officer found to be in charge

(  )    Posted service (only if authorized)

(  )    Member of Family (Resident)

(  )    Not found (Explain):

| DESCRIPTION OF PERSON SERVE | | | | |
|---|---|---|---|---|
| NAME<br>Mark Willis M.D. | RACE | SEX | DOB (OR APPX. AGE) | SSN |
| STREET ADDRESS<br>1250 E Marshall St | HGT | WGT | EYES | HAIR |

_____Robert A Thompson_____     5/31/.07
Signature of Affiant                         Date

....................................................................................................

### AFFIDAVIT

### COMMONWEALTH OF VIRGINIA

*Before me personnally appeared the said* ___DEP. R. THOMPSON___ *who says that he/she executed the above instrument in the above manner and on the date indicated.*

*Sworn to and subscribed in my presence this* ___21st___ *day of* ___MAY___ *, 20* ___07___

*My commission expires* ___june 30, 2010___

_____
Signature of Notary



Richmond City Sheriff's Office
LL-1, John Marshall Courts Building
Richmond, Virginia  23219

**RICHMOND**
**VIRGINIA**

Civil Process Section
400 N. 9th Street
Telephone (804) 646-6600

## SHERIFF'S OFFICE

### AFFIDAVIT OF SERVICE

Being duly worn and authorized to make service as provided by the Code of the Commonwealth of Virginia, by my signature subscribed below I do hereby certify that I executed a true copy of the within <u>Summons And Complain</u> , in the following manner and on the date so indicated:

( X )   Served in person

(   )   Registered agent

(   )   Served on the person or officer found to be in charge

(   )   Posted service (only if authorized)

(   )   Member of Family (Resident)

(   )   Not found (Explain):

| DESCRIPTION OF PERSON SERVE | | | | |
|---|---|---|---|---|
| NAME<br>Norman Bordman M.D. | RACE | SEX | DOB (OR APPX. AGE) | SSN |
| STREET ADDRESS<br>1250 E. M Arshall St | HGT | WGT | EYES | HAIR |

_____          5/21/07
Signature of Affiant                              Date

· · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · ·

## AFFIDAVIT

## COMMONWEALTH OF VIRGINIA

*Before me personnally appeared the said*      DEP. R. THOMPSON      *who says*
*that he/she executed the above instrument in the above manner and on the date indicated.*

*Sworn to and subscribed in my presence this*  21st  *day of*  MAY  *, 20* 07

*My commission expires*  JUNE 30, 2010

Signature of Notary



Richmond City Sheriff's Office
LL-1, John Marshall Courts Building
Richmond, Virginia  23219

Civil Process Section
400 N. 9th Street
Telephone (804) 646-6600

**SHERIFF'S OFFICE**

<u>AFFIDAVIT OF SERVICE</u>

Being duly worn and authorized to make service as provided by the Code of the Commonwealth of Virginia, by my signature subscribed below I do hereby certify that I executed a true copy of the within <u>Summons And Complain</u>, in the following manner and on the date so indicated:

(X )    Served in person

( )    Registered agent

( )    Served on the person or officer found to be in charge

( )    Posted service (only if authorized)

( )    Member of Family (Resident)

( )    Not found (Explain):

| DESCRIPTION OF PERSON SERVE | | | | |
|---|---|---|---|---|
| NAME<br>Elliott Ganyon M.D. | RACE | SEX | DOB (OR APPX. AGE) | SSN |
| STREET ADDRESS<br>1250 E Marshall St | HGT | WGT | EYES | HAIR |

_Signature of Affiant_      5/21/07

                                                     Date

**AFFIDAVIT**

**COMMONWEALTH OF VIRGINIA**

DEP. R. THOMPSON

_Before me personnally appeared the said _____ who says that he/she executed the above instrument in the above manner and on the date indicated._

_Sworn to and subscribed in my presence this_ 21st _day of_ MAY _____ , 20 07

_My commission expires_ JUNE 30, 2010 _____

                                              _Signature of Notary_



Richmond City Sheriff's Office
LL-1, John Marshall Courts Building
Richmond, Virginia 23219

Civil Process Section
400 N. 9th Street
Telephone (804) 646-6600

**SHERIFF'S OFFICE**

<u>AFFIDAVIT OF SERVICE</u>

Being duly worn and authorized to make service as provided by the Code of the Commonwealth of Virginia, by my signature subscribed below I do hereby certify that I executed a true copy of the within <u>Summons And Complain</u> , in the following manner and on the date so indicated:

( X )  Served in person

( )  Registered agent

( )  Served on the person or officer found to be in charge

( )  Posted service (only if authorized)

( )  Member of Family (Resident)

( )  Not found (Explain):

| DESCRIPTION OF PERSON SERVE | | | | |
|---|---|---|---|---|
| NAME<br>Andrea Pozez M.D. | RACE | SEX | DOB (OR APPX. AGE) | SSN |
| STREET ADDRESS<br>1250 E Marshall St | HGT | WGT | EYES | HAIR |

_Signature of Affiant_                    5/21/07
                                          Date

...............................................................................

**AFFIDAVIT**

**COMMONWEALTH OF VIRGINIA**

_Before me personnally appeared the said_    DEP. R. THOMPSON    _who says that he/she executed the above instrument in the above manner and on the date indicated._

_Sworn to and subscribed in my presence this_  21st _day of_  MAY , 20 07

_My commission expires_    JUNE30, 2010

_Signature of Notary_



**Richmond City Sheriff's Office**
LL-1, John Marshall Courts Building
Richmond, Virginia 23219

**RICHMOND**
**VIRGINIA**

Civil Process Section
400 N. 9th Street
Telephone (804) 646-6600

### SHERIFF'S OFFICE

#### AFFIDAVIT OF SERVICE

Being duly worn and authorized to make service as provided by the Code of the Commonwealth of Virginia, by my signature subscribed below I do hereby certify that I executed a true copy of the within <u>Summons And Complain</u> , in the following manner and on the date so indicated:

( X )   Served in person

(   )   Registered agent

(   )   Served on the person or officer found to be in charge

(   )   Posted service (only if authorized)

(   )   Member of Family (Resident)

(   )   Not found (Explain):

| DESCRIPTION OF PERSON SERVE | | | | |
|---|---|---|---|---|
| NAME<br>John C. Hogan M.D. | RACE | SEX | DOB (OR APPX. AGE) | SSN |
| STREET ADDRESS<br>1250 E. Marshall St. | HGT | WGT | EYES | HAIR |

_Signature of Affiant_

5/21/07
Date

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

#### AFFIDAVIT

#### COMMONWEALTH OF VIRGINIA

*Before me personnally appeared the said* _____ DEP. R. THOMPSON _____ *who says*
*that he/she executed the above instrument in the above manner and on the date indicated.*

*Sworn to and subscribed in my presence this* __21st__ *day of* __MAY__ , 20__07__

*My commission expires* __JUNE 30, 2010__

_Signature of Notary_



Richmond City Sheriff's Office
LL-1, John Marshall Courts Building
Richmond, Virginia 23219

**RICHMOND**
**VIRGINIA**

Civil Process Section
400 N. 9th Street
Telephone (804) 646-6600

### SHERIFF'S OFFICE

#### AFFIDAVIT OF SERVICE

Being duly worn and authorized to make service as provided by the Code of the Commonwealth of Virginia, by my signature subscribed below I do hereby certify that I executed a true copy of the within <u>Summons And Complain</u> , in the following manner and on the date so indicated:

( X )    Served in person

(   )    Registered agent

(   )    Served on the person or officer found to be in charge

(   )    Posted service (only if authorized)

(   )    Member of Family (Resident)

(   )    Not found (Explain):

| DESCRIPTION OF PERSON SERVE | | | | |
|---|---|---|---|---|
| NAME<br>Michael Aboutanos M.D. | RACE | SEX | DOB (OR APPX. AGE) | SSN |
| STREET ADDRESS<br>1250 E Marshall St | HGT | WGT | EYES | HAIR |

_Robert A. Thompson_                    5/21/07
Signature of Affiant                          Date

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

### AFFIDAVIT

### COMMONWEALTH OF VIRGINIA

*Before me personnally appeared the said*    DEP. R. THOMPSON    *who says that he/she executed the above instrument in the above manner and on the date indicated.*

                              21st          MAY
*Sworn to and subscribed in my presence this* _____ *day of* _____ *, 20* 07

*My commission expires* _____ JUNE 30, 2010 _____

                                        Signature of Notary



**Richmond City Sheriff's Office**
LL-1, John Marshall Courts Building
Richmond, Virginia 23219

**Civil Process Section**
400 N. 9th Street
Telephone (804) 646-6600

RICHMOND
VIRGINIA

SHERIFF'S OFFICE

AFFIDAVIT OF SERVICE

Being duly sworn and authorized to make service as provided by the Code of the Commonwealth of Virginia, by my
signature subscribed below I do hereby certify that I executed a true copy of the within <u>Summons And Complain</u>
, in the following manner and on the date so indicated:

(X)     Served in person   *Althea White - Previs - Admin Asst.*

( )     Registered agent

( )     Served on the person or officer found to be in charge

( )     Posted service (only if authorized)

( )     Member of Family (Resident)

( )     Not found (Explain):

| DESCRIPTION OF PERSON SERVE | | | | |
|---|---|---|---|---|
| NAME<br>Vcu Health Center,Mcv Hospital &Physicians At Vc Medical Center | RACE | SEX | DOB (OR APPX. AGE) | SSN |
| STREET ADDRESS<br>1250 E. Marshall St. | HGT | WGT | EYES | HAIR |

*Robert O. Thompson*                     5/21/07
Signature of Affiant                           Date

.........................................................................................................

AFFIDAVIT

COMMONWEALTH OF VIRGINIA

*Before me personnally appeared the said*   DEP. R. THOMPSON _____ *who says*
*that he/she executed the above instrument in the above manner and on the date indicated.*

*Sworn to and subscribed in my presence this*  21st *day of*  MAY _____ , 20 07

*My commission expires* _____  JUNE 30, 2010 _____

Signature of Notary

YALKUT  & ISRAEL, ESQS.
865-B  Walton Avenue
Bronx, New York  10451
Telephone:  (718)  292-2952
Facsimile: (718) 993-1542
Arlen S.  Yalkut, Esq. (  AY 1522)


UNITED STATES  DISTRICT  COURT
SOUTHERN  DISTRICT  OF NEW YORK
_____

DAVID LION,

                                             Case Number: 07 CV 3129 (SCR)


                        Plaintiff,


          v.                                 AFFIDAVIT  IN OPPOSITION
                                             TO MOTION TO  DISMISS
                                             COMPLAINT

VCU HEALTH SYSTEM, MCU HOSPITALS
& PHYSICIANS  d/b/a  VCU MEDICAL
CENTER, et al.,

                        Defendants.
_____

STATE  OF NEW YORK)
                                   ss:
COUNTY OF BRONX)

          DAVID LION, being duly  sworn,  deposes  and  says:

          1. I  am  the  plaintiff  in  the  above-captioned  matter  and am fully familiar

with the  facts  therein.  I  am making this  affidavit  in opposition to the Defendants'

motion seeking  to  dismiss  the   Complaint  on  various  grounds.

          2.On  May  I,  2005,  I  was  involved  in a serious  accident  which  occurred

on a  closed   course  during  a  motorcycle  race in  which  I  was  a participant.

The   accident  took  place at  approximately  9:30 a.m.

3. As a result of the accident I sustained serious physical injuries which included significant chest trauma, predominantly to the right hemothorax with fractures of the 8th, 9th and 10th ribs, transverse comminuted talar neck fracture with medial subtalar dislocation with soft tissue swelling, irregularity of pelvis suggestive of a nondisplaced fracture, left knee demonstrated a vertically oriented and nondisplaced patellar fracture with knee joint effusion, comminuted fracture of right fifth middle phalanx, avulsion fracture of the third and fourth digit of right hand, left patellar fracture, left pneumothorax, left ankle fracture and right and left forearm abrasions. These were the findings made by the Defendants while I was a patient at the VCU Health System, MCV Hospitals & Physicians facility in Richmond Virginia. (See annexed hereto the Discharge Report from that facility.) My discharge from the facility occurred on May 6, 2005.

4. I was removed from the accident scene by helicopter and taken to the VCU facility. At the hospital I was brought into the Emergency Room and given morphine for the extreme pain. Because of lung puncture the doctors informed me that they needed to insert a tube into my right side under my armpit. Then I was taken for X-rays and a CAT scan.

5. I was informed that I had a severe left ankle fracture and needed surgery or I would never work again. ( I was a truck driver for the New York Times.) I was told by a doctor ( surgeon) that I had to sign a paper because they had to do surgery. The doctor told me that the paper gave them permission to do surgery. The document was not read to me nor was I able to read the paper because of the morphine they had previously

administered. I could not read with my right hand which was broken and tried to write with my left hand ( which I later learned was also broken but never treated by the Defendants during my hospital stay there.) I was no advised as to any risks associated with the surgery to be performed.

6. I was removed to the operating room and was given an epidural injection between the 13th and 14th vertebrae. I woke up a day or two later. I woke up in a semi-private room and received visitors. Then a doctor came into the room and I informed him that I believed that my left hand was broken as well. The doctor told me: " Don't worry, we know about it. We'll take care of it later." Despite this promise, the Defendants performed no surgery whatsoever on my left hand.

7. In the operating room the first day surgery was performed on my left ankle and the right hand. To my knowledge, no additional surgical procedures were performed by the Defendants.

8. My sisters arrived at the hospital from New York. They requested to speak to a doctor and it took over 36 hours for any doctor to speak to them. The head nurse was annoyed that no doctor came to see me or speak to my relatives who came down to see me.

9. Because of lack of attention, arrangements were made to transfer me back to New York to the Cornell Hospital Campus. Despite the notations on the Discharge Information sheet ( Page 3), None of the Defendant Doctors told me that I required additional surgery to my chest. They did mention

that I might have a crack in my left knee. ( At Cornell Hospital in New York, I was advised that no such surgery was necessary.)

10. At Cornell University Hospital, Dr. Lorich told me that there was no need for surgery on my knee. Dr. Lorich informed me that he had to perform surgery on my left ankle because the surgery in Virginia was not performed properly. He stated that the procedure in Virginia had put a rod in the bottom of my heel which should not have been done. The the reason was that the rod fused the heel to the ankle and as a result the area was being deprived of necessary blood flow. Without the additional surgical procedure the left foot likely have to be amputated.

11. Additionally, I was informed at New York Presbyterian Hospital ( part of the Cornell University Hospital) by Dr. Deluski (sic) that the right pinky finger had to be operated on because the previous surgery in Virginia was inadequate. In addition, Dr. Deluski performed surgery on my left hand and Put a Pin and rod to correct the condition. The Defendants in Virginia failed to perform this procedure at all. These surgeries lasted over Twelve hours.

12. The surgery on my foot in Virginia left " air pockets" in the wound which led to infections which required reopening of the wound and cleansing of the wound. As a result I was unable to place any weight on my left foot for an additional ninety days.

13. I initially consulted with some attorneys in Virginia and was informed that I had a " good case" but that their firms had relationships with the VCU Hospital which would make it difficult or impossible to bring a lawsuit against

the VCU  Health System, MCV Hospital &  Physicians.  None  of  the attorneys  advised

me  that  VCU Health  System  was  a  Virginia  State  entity  that  required   that  I

file  a  Notice  of  Claim.  I  was  advised  that  I  had   two (2)  years to  start  a

lawsuit  and  that  the  hospital  in  Virginia  was  a  private institution.

14. I  eventually  sought  legal  counsel  while  in  New York  about  eighteen

(18) months  after   the  accident  and  my  hospital  stay  in Virginia.  I  informed  them

of  the  circumstances  described  above.  I  supplied  my  present  attorneys  with

the hospital  records  from  both  Virginia  as  well as  from  New York.

15.  I  commenced  this  action  against  the  Defendants  in  good  faith.  The

Defendants  led  me  to  believe  that  everything  that  needed  to be  done in terms

of  operative  procedures  had  already  been  performed in  Virginia.  Only  after

I arrived  in  New York  I  obtained  the   VCU  Hospital  Records  through  New

York  Presbyterian Hospital.  Only  then  did  I  learn  that  the  Defendants

in effect  abandoned  me  in my  time  of  need while  knowing  full well  that  I   would

require  additional  surgical  procedures.

16.  I  am now  advised  that   VCU  Health  System  is  apparently  a

State  of  Virginia  entity.  I  am  also  advised  that  most  of  the  Defendant

doctors  are  not  state  employees  and  may be  liable  for  their  own  actions  and

inactions.

17.  This  action  was  commenced  within  the  two (2)  year  Statute of

Limitations  which applies  to  medical malpractice  actions  in Virginia.  All of

the  Defendants  were  served  in person in  Virginia  and  are presently  represented

by   counsel.

18. I request that this Court transfer this case, in the interest of justice, to the United States Federal Court for the Eastern District of Virginia. I further request that since that since there are courthouses in Alexandria, Newport News, Norfolk and Richmond that the case be heard in any of the cities other than Richmond because of the apparent influence the VCU Health System has in that region. Because of the two year Statute of Limitations if this present were dismissed rather than transferred to the correct District it might be deemed time barred even though the case is clearly meritorious as against the majority of the Defendants.

19. For all of the foregoing reasons, it is respectfully requested that the Defendants' motion to dismiss be denied and that the case be transferred to the Eastern District of Virginia for further proceedings.

WHEREFORE, it is respectfully requested that the Defendants' motion be denied and that this case be transferred to the United States District Court for the Eastern District of Virginia for further proceedings.

x _____

DAVID   LION

Sworn to before me   this
25th .day of   July,  2007

_____
    Notary   Public
Qualified at  Rockland  County
    02YA9762570
Commission  Expires  9/30/2010

**VCU Health System, MCV Hospitals & Physicians**
**Richmond, VA 23298**

*CPROD - Production*

Discharge Information Form                                      TRAUMA, MA5613 - 1268496

Result Type:        Discharge Information Form
Received Date:      Friday, May 06, 2005 11:42
Result Status:      Auth (Verified)
Performed By:       Elliott RN, Randy on Friday, May 06, 2005 11:43
Verified By:        Elliott RN, Randy on Friday, May 06, 2005 11:43
Encounter info:     706800125618, VCUHS, IP, 5/1/2005 -

## Discharge Information for Referring Providers

**Admission Date:**  05/01/05 16:52
Discharge on: 05/06/05 8:57:00, Disposition: Other Facility/Nursing Home, Contact MD prior to releasing
patient, Start: 05/06/05 8
**Principle Dx-Condition determined to be primary problem making admission necessary:**  motorcycle
collision
**Dxs- Problems requiring treatment and/or contributing to LOS:**
**Discharge Medications:**
**Provider Information for Referring:**

**Referring Provider:** SELF MD, REFERRED
**Discharging Attending Physician:** ED MD, ATTENDING
**Primary Care Provider:** SELF MD, REFERRED
**Discharging Provider:** Yes
**Dictating Provider:** ZICKLER NP, GAYLE T
**Discharging Service:** IP-Trauma Surgery
**Consulting Services were provided by:**

**To reach Providers from outside the VCU Health System, call Telepage 804-828-0951**
**and have them paged or call 1-800-762-6161.**
**VCU Health System's website: www.vcuhealth.org**

**Attention VCUHS personnel**
**Information above is for Referring Providers and not intended to be given to patients.**
**File in patient's chart. Information below is for the patient.**

Printed by:     Elliott RN, Randy                                            Page 1 of 5
Printed on:     5/6/2005 11:43                                               (Continued)

**VCU Health System, MCV Hospitals & Physicians**
**Richmond, VA 23298**

*CPROD - Production*

Discharge Information Form                    TRAUMA, MA5613 - 1268496

## Discharge Information for Patient

VCU Health System would like to thank you for allowing us to assist you with your
healthcare needs.
Visit our website at: www.vcuhealth.org.

If you have any new symptoms, changes in your condition, or questions, please contact
your Primary Care Provider. If you need to reach a Health Care Provider in the hospital,
call (804)828-0951 and ask the operator to page the *Provider on call* for IP-Trauma Surgery

**The following information will help you care for yourself after leaving the hospital.**
**You were admitted to the hospital on**   05/01/05 16:52
Discharge on: 05/06/05 8:57:00, Disposition
**You were hospitalized for the following condition(s):**
Patient involved in motorcycle collision on May 1, 2005. Injuries
include right rib fractures 8-10, right hemothorax, right
pneumothorax, left pneumothorax, left patella fracture, left ankle
fracture, right 5th digit phalanx, avulsion fracture of tuft of
3rd/4th digits, and right forearm/left hand abrasions.
**The following procedures were performed:**
Open reduction of internal fixation of 4th and 5th digits of right
hand May 1, 2005. Open reduction internal fixation of left ankle/foot
May 1, 2005  Right chest tube placement May 1, 2005
**Allergies:**                                    **Reactions:**
NKA

#### Medication Instructions:

**If you were taking any medicine before coming to the hospital, please check with the**
**doctor who prescibed it to see if you should keep taking it.**

Percocet contains acetaminophen. Avoid taking other medications which contain acetaminophen (such as
Tylenol) while taking Percocet. Excess doses can cause liver damage.

**Restrictions:**
No smoking.
**Driving:**  You may drive once you are no longer taking narcotics.
**Exercise:**  No strenuous exercises.
**Extremeties:**  Do not put any weight on left leg/foot.
**Lifting Weight:**  No heavy lifting.

**VCU Health System, MCV Hospitals & Physicians**
**Richmond, VA 23298**

*CPROD - Production*

Discharge Information Form                      TRAUMA, MA5613 - 1268496

**Provider Instructions:**
**Additional Information - MD/NP/PA:**
Patient being discharged to New York (Cornell Hospital Campus).
Patient needs to follow-up immediately with trauma surgery upon
arrival to Cornell. Patient has right chest tube and needs further
evaluation by cardiothoracic surgery for chest
reconstruction/hemothorax/ribs 2-9 fractures. The need for chest
reconstruction was discussed with patient.Patient may require
further chest surgery. Patient is non weight bearing on left lower
extremities and needs to follow-up with orthopedic surgery in 1 week
for evaluation of left patella/ankle. Patient may resume usual diet
and activities as tolerated.

**Diet and Nutrition Instructions:**

Resume your previous diet.

**This information was given by Nutritional Services and Nursing**
**This information was given to:**

**Follow-up Appointments:**
**If you are in a managed care plan, contact your Primary Care Provider to get referrals for follow-up**
**care.**

**Nursing and Provider Instructions:**

**Call 911:** DO NOT DRIVE yourself to the ER;For sudden onset of shortness of breath
**Call the doctor if you have:** Change in wound drainage (increased amount, foul odor, color);Headache,
unrelieved by Tylenol;Pain, swelling or tenderness in the calf of either leg;Shortness of breath, fluttering
feeling in chest
**A temperature over** 101.5 **degress fahrenheit**
**Bleeding from** anywhere
**Pain, heat, redness, discharge or swelling at** anywhere

UNITED STATES  DISTRICT  COURT
SOUTHERN  DISTRICT  OF NEW YORK

---

DAVID LION,

                          Case Number: 07 CV 3129 (SCR)

           Plaintiff,

      v.

VCU HEALTH SYSTEM, MCU HOSPITALS
& PHYSICIANS  d/b/a  VCU MEDICAL
CENTER, et al.,

           Defendants.

---

## MEMORANDUM  OF  LAW IN  OPPOSITION
## TO DEFENDANTS' MOTION  TO DISMISS  COMPLAINT

YALKUT &  ISRAEL, ESQS.
865-B Walton  Avenue
Bronx, New York  10451
Telephone: (718)  292-2952
Facsimile: (718) 993-1542
Arlen S.  Yalkut,   Esq. (AY1522)

· Attorneys  for Plaintiff *David Lion*

## TABLE OF CONTENTS

Table of Contents ................................................................................. i

Table of Authorities ............................................................................ ii

Introduction......................................................................................... 1

Statement of Facts............................................................................... 2

Argument ............................................................................................. 4

      I. The Action for Medical Malpractice was
        Commenced in Federal District Court
        Within the Applicable Statute of
        Limitations ...................................................................... 4

      II. This Court, In The Interest of Justice,
        Should Transfer This Case to the
        Appropriate District for Further
        Proceedings Pursuant to 28 U.S.C. 1361 ...................... 6

Conclusion .......................................................................................... 8

## TABLE OF AUTHORITIES

CASES

*Franchi v. Manbeck*, 947 F.2d 631,634 (2nd Cir. 1991)................................    7

*Hempstead County and Nevada County Project v. EPA,*
                700 F.2d 459,463 (8th Cir. 1983)....    7

*Liriano v. United States,* 95 F. 3d 119 (2nd Cir. 1996)...............................    7

Sabattini v. St. Barnabas Medical Center, 2005 U.S. Dist. LEXIS
                20647 (S.D.N.Y. Sept. 20, 2005)..    6

STATUTES AND OTHER AUTHORITIES

28 U.S.C. 1332(a).......................................................................................    1, 4

28 U.S.C. 1631 ..........................................................................................    2, 6, 7

New York CPLR 302(a)(3).......................................................................    3

Va. Code 8.01-243 (A)..............................................................................    4

The Plaintiff David Lion submits this memorandum of law in opposition to the Defendants' motion to dismiss the complaint and to request that this Court transfer this case to the appropriate District Court, the Eastern District of Virginia, pursuant to 28 U.S.C. 1631.

## INTRODUCTION

On April 19, 2007, the Plaintiff David Lion ("Lion") filed this lawsuit against VCU Health System ("VCU") and the Defendant Doctors ("Doctors"). The Complaint set forth a cause of action against each and the Defendants for medical malpractice based upon the medical care and treatment of Lion by Defendants at the VCU facility in Richmond, Virginia. It is now conceded by all parties that the Defendants are citizens or otherwise domiciled in the Commonwealth of Virginia. It is not challenged by any of the Defendants that the Plaintiff Lion is a Citizen of the State of New York. It is thus clear that complete diversity of the parties is unequivocally established.

The Federal District Courts have jurisdiction of the controversy between the parties based upon diversity of citizenship and jurisdictional amount. *28 U.S.C. 1332(a).* The question of which district the matter should have been commenced was a matter of dispute. However, based upon the present understanding the Plaintiff Lion contends that the action should be transferred to the Eastern District of Virginia. This is true because although this action was filed within the applicable Statute of Limitations for medical malpractice in Virginia, a outright dismissal of this action might be deemed to bar the Plaintiff from proceeding

-1-

in a new action against those Defendants who are not immune from liability.

This writer has conferred with counsel for the Defendants and the Plaintiff has furnished to Defendants' counsel Rule 26a information including records of the treatment of the Plaintiff Lion at the hospital in New York The Defendants who are not immune are, the Plaintiff contends, in no way prejudiced by the transfer of this action to the appropriate District Court under the provisions of *28 U.S.C. 1631.*

## STATEMENT OF FACTS

The Plaintiff Lion came under the care of the Defendants on May 1, 2005 and remained under their care until he was discharged on May 6, 2005. While under the care and treatment of the Defendants VCU and Doctors, the Plaintiff Lion underwent two surgical procedures for injuries he sustained on May 1, 2005. The Complaint sets forth various allegations concerning the failure of the Defendants VCU and Doctors to perform procedures, failure to diagnose, failure to adequately interpret the plaintiff's symptoms and failure to properly interpret radiological reports and generally failure to attend to the Plaintiff with requisite regularity.

Subsequent to the commencement of this action, the Plaintiff learned that several of the Defendant Doctors are not employees of VCU, but rather are licensed physicians with privileges to practice at the VCU facility and other locations. These Defendant Doctors including the Defendants Kellum, Willis, Aboutanos, Pozez and Boardman. Each of these doctors, it is contended are independent contractors and do not enjoy the immunity afforded the

-2-

Defendant VCU   and  its  employees.

The  Plaintiff, upon  review  of  the  applicable  law  now  concedes  that the  Defendant  VCU  is  immune  from  this  lawsuit  because  of  the  Plaintiff's failure  to  file  a  notice  of  claim  within  one  year  after  the occurrences  which gave  rise  to  this  case. Defendant Doctors Scott and Gagnon based upon  their declarations  as well as a  review  of  the Defendant  VCU's  website ( as  to Dr.  Scott) appear  to  be  employees  of the  Defendant VCU at the  time of  the occurrences and are entitled  to   the  immunity from  suit  enjoyed  by  Defendant VCU.   Therefore,  I  will  not  further  address  the issues  set  forth  to  Defendants' Argument   Point Heading   I (A) and (B).

Although it  was  originally believed  that  the  Defendants  were  subject  to personal  jurisdiction  in  New  York  pursuant  to Section  302(a)(3) of  the   Civil Practice  Law  and  Rules,  the  Plaintiff  is  willing  to  concede  this  belief  to be  in  error.  The  Plaintiff  contends  that  he  has  stated  a  valid  cause  of action  in  the   Complaint  and  that  the case should,  in  the  interest  of justice,  be  transferred  to  the  appropriate  District  Court,  the  Eastern  District of  Virginia.

## ARGUMENT

**I.        THE ACTION FOR MEDICAL MALPRACTICE WAS COMMENCED IN FEDERAL DISTRICT COURT WITHIN THE APPLICABLE STATUTE OF LIMITATIONS.**

Section 8.01-243 ( A) of the Virginia Code provides that:

" Unless otherwise provided in this section or by other statute, every action for personal injuries, whatever the theory of recovery, and every action for damages resulting from fraud, shall be brought within two years after the cause of action accrues."

In this case, the plaintiff LION was under the care and treatment of the Defendants from May 1, 2005 through May 6, 2005. This fact is undisputed. It is also undisputed that action was commenced by filing the Summons and Complaint on April 19, 2007, within the applicable two year period applicable to the commencement of medical malpractice actions under Commonwealth of Virginia law.

Based upon the uncontested fact that the Defendants are all Virginia citizens or entities with no New York State contacts and the fact that the Plaintiff Lion is a citizen of New York, it is clear that diversity jurisdiction for this action exists pursuant to the provisions of 28 U.S.C. 1332 (a).

All of the Defendants have been served by a Deputy Sheriff in the Commonwealth of Virginia and have appeared at least for the purpose of this motion by Counsel in both Virginia and New York.

Additionally, the Defendants' Virginia counsel requested discovery regarding the New York hospital medical records during the pendency of this motion. Plaintiff's counsel has provided the requested discovery. It is clear that those

-4-

Defendant Doctors who are not entitled to immunity by reason of the Virginia Tort Claims Act would not be prejudiced by this action being transferred to the appropriate district. If this case were transferred they would be in same position as if the action had been commenced in the Eastern District of Virginia in the first instance.

**II.**            **THIS COURT, IN THE INTEREST OF JUSTICE,
                  SHOULD TRANSFER THIS CASE TO THE
                  APPROPRIATE DISTRICT FOR FURTHER
                  PROCEEDINGS PURSUANT TO 28 U.S.C.1361**

Section 28 U.S.C. 1631 provides as follows:

> "Whenever a civil action is filed in a court as defined in section 610 of this
> title or an appeal, including a review of administrative action, is noticed or
> filed with such court and the court finds that there is want of jurisdiction,
> the court shall, if it is in the interest of justice, transfer such action or appeal to
> any other court in which the action or appeal could have been brought at the time
> it was filed or noticed, and the action or appeal shall proceed as if it had been filed
> or noticed for the court to which it is transferred on the date on the date upon
> which it was actually filed in or noticed for the court from which it is transferred."

Section 28 U.S.C. 1631 pertains to actions commenced in the district courts

of the United States. See, *28 U.S.C. 610.*

In *Sabbatino v. St. Barnabas Medical Center,* 2005 U.S. Dist. LEXIS 20647

(S.D.N.Y. Sept. 20, 2005), it is case not dissimilar to the case at bar, the

Court granted the plaintiff's request that the action be transferred from New

York to the District of New Jersey pursuant to 28 U.S.C. 1631. In *Sabattino*

the Court found that there was no evidence that " plaintiff had filed her action

in bad faith; no benefit accrued to plaintiff by so filing, nor did any detriment

befall the defendants."

Furthermore, as in *Sabbatino,* the action for medical malpractice was

filed within the statute of limitations applicable to both New York and

New Jersey and that dismissal at this juncture would prevent the plaintiff from

re-filing in New Jersey because the action would be time-barred by that State's

statute of limitations. The Court in the interest of justice transferred the action

to a " court in which the action ... could have been brought at the time it was filed

-6-

or noticed.

In *Liriano v. United States*, 95 F.3d 119 ( 2nd. Cir. 1996), the Court cited the legislative history of Section 1631 and made the finding that:

> "In determining whether a transfer is in the interest of justice,
> the equities of dismissing a claim when it could be transferred
> should be carefully weighed. *Franchi v. Manbeck,* 947 F.2D, 631,
> 634 (2nd Cir. 1991) ( citing *Hemstead County and Nevada County Project v.*
> EPA, 700 F.2D 459,463 (8th Cir. 1983). Factors militating for a
> transfer include the finding that a new action would be barred as
> untimely, *see i.d.* and a finding that the original action was filed
> in good faith, *see Hempstead County,* 700 F.2d at 463."

In the instant case, the Plaintiff Lion is confronted with the identical set of circumstances. As set forth in the Plaintiff Lion's affidavit the lawsuit was commenced in good faith and was filed timely whether based upon Commonwealth of Virginia of New York State law. If this case is dismissed rather than transferred to the appropriate district the plaintiff would be totally denied his day in court without the case ever being litigated on the merits. Accordingly, it is respectfully submitted that this case be transferred to the Eastern District of Virginia for further proceedings.

## CONCLUSION

For all of the reasons stated above, the action against VCU Health System and Defendants Scott and Gagnon should be dismissed and the action as against the remaining Doctor Defendants Kellum, Willis, Boardman, Pozez and Hogan be transferred, in the interest of justice, pursuant to 28 U.S.C. 1631, for further proceedings.

Dated:  Bronx, New York
   July 27, 2007

            YALKUT & ISRAEL, ESQS.

            By: /s/ Arlen S. Yalkut
               Arlen S. Yalkut, Esq. (AY1522)
               865-B Walton Avenue
               Bronx, New York 10451
               Telephone: (718) 292-2952
               Facsimile: (718) 993-1542
               *Attorneys for Plaintiff David Lion*

CERTIFICATION   OF   SERVICE

I,  ARLEN S.  YALKUT, an attorney  duly  admitted  to  practice in the  State of
New York, certifies the following  to be  true  under  the  penalties  of  perjury:  On
July 30,  2007, I  served  the  MEMORANDUM  OF  LAW  IN  OPPOSITION  TO
DEFENDANTS' MOTION  TO  DISMISS  THE  COMPLAINT as well  as  the
AFFIRMATION AND AFFIDAVIT IN OPPOSITION  TO  THE  DEFENDANTS' MOTION
TO  DISMISS  THE  COMPLAINT on  the  parties  below  by  depositing one true
copy
os said papers to  the  addresses  listed  below, enclosed  in a postpaid  properly addressed
wrapper, in an  official depository  under  the  exclusive  care and  custody  of  the
United   States  Postal  Service  within  the  State  of  New York:

Michael T.  Conway, Esq.
Leclair Ryan, a  Professional  Corporation
830 Third   Avenue
New York, New York 10022

Linda B.  Georgiadis,  Esq.
Paul D.  Anders, Esq.
Riverfront Plaza,  East  Tower
951 East  Byrd Street
P.O.  Box 2499
Richmond,   Virginia 23218-2499

Dated:  Bronx,  New York
        July 30,  2007

ARLEN  S.  YALKUT (AY1522)

UNITED STATES  DISTRICT   COURT
SOUTHERN  DISTRICT  OF NEW YORK

_____

DAVID LION,

Case Number: 07 CV 3129 (SCR)

Plaintiff,

v.

VCU HEALTH SYSTEM, MCU HOSPITALS
& PHYSICIANS  d/b/a  VCU MEDICAL
CENTER, et al.,

Defendants.

_____

### AFFIRMATION IN OPPOSITION  TO MOTION  TO DISMISS, AFFIDAVIT IN OPPOSITION  TO MOTION TO DISMISS AND MEMORANDUM  OF LAW IN  OPPOSITION  TO DEFENDANTS' MOTION   TO DISMISS   COMPLAINT

YALKUT &  ISRAEL. ESQS.
865-B Walton  Avenue
Bronx, New York  10451
Telephone: (718)  292-2952
Facsimile: (718) 993-1542
Arlen S.  Yalkut,  Esq. (AY1522)

Attorneys  for Plaintiff *David Lion*